### HENRY J. BARTLETT *vs.* ANSON G. STANCHFIELD.

Suffolk. November 16, 1888. — January 5, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Building Contract — Waiver — Oral Substituted Agreement — Consideration.*

In an action to recover for extra work and materials furnished in the construction of a house built under a written contract reciting that no charge should be made for such unless ordered in writing, there was evidence that the plaintiff did certain things at the oral request of the defendant, and upon his promise to pay for them, and other things upon the defendant's oral request merely. *Held,* that there was evidence of a waiver of the requirement of the contract as to writing, and of the substitution of an oral contract therefor, resting upon sufficient consideration.

CONTRACT to recover the price of a dwelling-house erected by the plaintiff for the defendant. At the trial in the Superior Court, before *Blodgett,* J., the jury returned a verdict for the plaintiff, and the defendant alleged exceptions. The material facts are stated in the opinion.

*B. Wadleigh,* for the defendant.

*H. G. Allen,* for the plaintiff.

HOLMES, J. The only question presented by the exceptions concerns the defendant's liability for extra work and materials furnished in connection with a house which the plaintiff had been building for the defendant under a written contract. The contract contained the following clause: " And it is further agreed, that should the owner, during the progress of said construction, request any alteration of, addition to, deviation from, or omissions concerning the construction of said house, as set forth herein and in said plans and specifications, the same shall be made by the said Bartlett, and shall in no way affect this agreement, but shall be added or deducted from the amount thereof by a fair and reasonable valuation, and that nò charge shall be made for extra work or materials unless the same is ordered in writing and the price thereof agreed upon."

The plaintiff's evidence was, that the blind drains, one item in question, were put in during the progress of the work, and that the defendant promised to pay for them ; and that the

other items, picture mouldings, covers for trays, and shelves, were furnished at the defendant's oral request, " after the completion of the house in conformity to the written contract." The evidence was objected to, and the court was asked to rule that, as the work and materials were not ordered in writing, and no price was agreed upon, the plaintiff could not recover. To this it might be enough to answer, that, except as to the drains, there was evidence that the work was done after the contract had been performed, and independently of it. But under the instructions of the court, the jury probably found that the terms of the written contract, if applicable, had been waived, and that the items had been furnished under a substituted oral contract.

The main argument for the defendant is, that, if the work fell within the provisions of the contract, there was no evidence of a waiver. We are of opinion that there was evidence for the jury. Attempts of parties to tie up by contract their freedom of dealing with each other are futile. The contract is a fact to be taken into account in interpreting the subsequent conduct of the plaintiff and defendant, no doubt. But it cannot be assumed, as matter of law, that the contract governed all that was done until it was renounced in so many words, because the parties had a right to renounce it in any way and by any mode of expression they saw fit. They could substitute a new oral contract by conduct and intimation, as well as by express words.

In deciding whether they had waived the terms of the written contract, the jury had a right to assume that both parties remembered it, and knew its legal meaning. On that assumption, the question of waiver was a question what the plaintiff fairly might have understood to be the meaning of the defendant's conduct. If the plaintiff had a right to understand that the defendant expressed a consent to be liable, irrespective of the written contract, and furnished the work and materials on that understanding, the defendant is bound. *West* v. *Platt*, 127 Mass. 367, 372. *O'Donnell* v. *Clinton*, 145 Mass. 461, 463.

As to the drains, the evidence was, that the defendant requested the plaintiff to build them, and promised to pay for them. The jury had a right to infer that the request and

promise imported a renunciation of any terms in the written contract inconsistent with a duty to pay. As to the other items furnished later, it is stated that there was evidence tending to show that they were furnished at the defendant's oral request, but it does not appear what the evidence was, or what were the circumstances or form of the request. So far as appears, certainly, the jury had a right to infer that the request imported a promise to pay, and a like substitution of an oral contract. The furnishing of the items was sufficient consideration for the substitution, as well as for the contract substituted.

*Exceptions overruled.*