HAMILTON, RESPONDENT, *v.* WOODWORTH, APPELLANT.

[Submitted November 14, 1895.  Decided December 16, 1895.]

SURETY—*Contract—Waiver.*—A surety upon a building contract, providing that the men shall be paid by the owner upon time checks signed by the contractor, who, with knowledge of such provision, and that the contract price is exhausted, instructs the owner to pay the men, thereby waives the right to object that the time checks were not signed by the contractor.

SAME—*Evidence.*—In an action against a surety for the failure of his principal to perform an excavating contract, the admission in evidence of the rental value of the building erected over the excavation, if error, was harmless where the jury stated in their verdict that it was for the money expended by the owner on the contract.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION on bond. The cause was tried before McHATTON, J. Plaintiff had judgment below.    Affirmed.

*F. T. McBride,* for Appellant.                                    o

The violation of the contract by the plaintiff had the effect of wholly releasing and discharging the defendant from any liability on the bond.    (24 Am. & Eng. Ency. of Law, 749; *Miller* v. *Stewart,* 9 Wheat. 680; *Barnes* v. *Barrows,* 61 N. Y. 42.)  A waiver is the relinquishment of a known right. (*Pence* v. *Langdon,* 99 U. S. 581; *Bennedo* v. *Mutual Life Ins. Co.,* 105 U. S. 355; *Hoxie* v. *Homes Ins. Co.,* 85 Am. Dec. 245; Bishop on Contracts, §§ 658-659; *Benedict* v. *Minor,* 58 Ill.)  The burden of proving waiver rests upon the party claiming the waiver.  (*Pence* v. *Langdon,* 99 U. S. 582.)

*Forbis & Forbis,* for Respondent.

DE WITT, J.—This plaintiff and Edward King entered into a contract to the effect that King should excavate a cellar, for which services plaintiff should pay him the sum of $795, and 75 cents per cubic yard for excavations additional to those named in the specifications.  The defendant, George Woodworth, executed a bond as surety for the faithful performance

of the contract. Plaintiff brought this action for damages by reason of King's failure to fully perform the contract. The verdict of the jury was in favor of the plaintiff, Hamilton, for $500, money expended by Hamilton on King's contract. The defendant, Woodworth, moved for a new trial, and now appeals from the order denying that motion, and from the judgment.

It appears that plaintiff acted as a disbursing agent for the contractor King. Plaintiff paid King's laborers Saturday nights, and charged the amounts so paid to King on his contract. This was done under the following provision of the contract: "Payments will be made every Saturday evening, and every hired workman and hired team, through the owner, Patrick J. Hamilton, having a time check signed by James King." After several payments had been made upon the contract, it was found on June 4th that only a few dollars of the contract price remained with which to pay $400 indebtedness due on said day. Edward King, the contractor, Hamilton, Woodworth and Nichol, the architect, met on that day, and Woodworth was fully informed as to the situation. He having full knowledge of the facts that the money to become due to King on the contract was exhausted, and that $400 must be paid at that time, or the workmen would file liens upon the premises, said to go on and pay the men. This is very clearly proven by the testimony of Hamilton and Nichol. This is denied by Woodworth, and this conflict in the testimony was resolved by the verdict of the jury. It is therefore now the fact that Woodworth consented to these payments with knowledge of the situation. His defense to this suit is that the portion of the agreement as to James King signing the time checks was not observed, but this certainly was a provision which Woodworth was wholly familiar with, and which he had a right to waive; and, as noted above, the evidence clearly shows that he consented to the payments without regard to the time checks being signed by James King. Counsel contends that a waiver must be of a known right. We think the right was perfectly well known to Woodworth. Then, knowing the right, he waived taking advantage of it.

It was also contended that it was error to admit in evidence the rental value of the building which Hamilton erected over this excavation or cellar. But the jury did not find their verdict upon the ground of the rental value at all, but, on the contrary, they distinctly stated that their verdict was for the money expended by Hamilton on the King contract.

Appellant makes some criticism of the instructions, and selects some individual instructions, which he claims did not fairly present the case to the jury. But we have read the instructions in full, and are satisfied that altogether they clearly presented the contentions made by the pleadings and the evidence. The judgment and order denying a new trial are affirmed.

*Affirmed.*

PEMBERTON, C. J. and HUNT, J. concur.