INTER–STATE LUMBER CO., RESPONDENT, *v.* WESTERN MORTGAGE & WARRANTY TITLE CO. ET AL., APPELLANTS.

(No. 3,593.)

(Submitted June 28, 1915. Decided July 3, 1915.)

[149 Pac. 975.]

*Building   Contracts—Construction—Extra   Materials—Waiver.*

Building Contracts—Construction—Extra Materials.
  1. *Held,* in an action to recover for extra materials furnished in the erection of a building, that a clause in the contract, "Nothing shall be considered as extra unless it is agreed upon in writing before said extra work is done," had reference only to extra work and not to materials.

Same—Waiver.
  2. Assuming that the clause referred to above covered extra materials, it could be and was abrogated by oral agreement of the parties, or waived by plaintiff.

*Appeal from District Court, Lewis and Clark County; Roy E. Ayers, Judge of the Tenth Judicial District, presiding.*

ACTION by the Inter-State Lumber Company, a corporation, against the Western Mortgage & Warranty Title Company, a corporation, and another. Judgment for plaintiff and defend-

ants appealed from it and an order denying a new trial. Affirmed.

Cause submitted on briefs of counsel.

*Mr. Massena Bullard,* for Appellants.

*Mr. Henry C. Smith,* for Respondent.

A provision in a building contract that "no allowance will be made for extra work whatsoever unless notice is served upon the owner and the written consent of the owner is obtained before the extra work is started," does not apply to new work contracted for specially after the original contract was made. (*Schultz* v. *Seibel,* 209 Pa. St. 27, 57 Atl. 1120.) If work is outside of the contract, the terms of the contract do not apply to the work, such as conditions as to written orders, forfeiture, valuation, and certificate of the architect. (1 Hudson on Building, etc., Contracts, p. 441.) "It must be true that an acceptance of the benefits of the transaction imposes an obligation to assume its burdens." (*Tryon* v. *White etc. Co.,* 62 Conn. 161, 20 L. R. A. 291, 25 Atl. 712; *United States Rolling Stock Co.* v. *Atlantic etc., R. Co.,* 34 Ohio St. 450, 32 Am. Rep. 380.) "It cannot be doubted that the owner of a building is liable for work done and materials furnished by the contractor, not called for by his original contract, when the owner or his agent, by a subsequent oral agreement promised to pay therefor, or knew that the contractor would charge for the same as extras and assented thereto, or permitted the same without objection." (*McLeod* v. *Genius,* 31 Neb. 1–6, 47 N. W. 473; *McFadden* v. *O'Donnell,* 18 Cal. 160; *Badders* v. *Davis,* 88 Ala. 367, 6 South. 834; *Porter* v. *Swan,* 17 N. Y. Supp. (City Ct.) 351; *Smith* v. *Alker,* 102 N. Y. 87, 5 N. E. 791; *Abells* v. *City of Syracuse,* 7 App. Div. 501, 40 N. Y. Supp. 233; *City of Elgin* v. *Joslyn,* 36 Ill. App. 301.) Evidence of supplemental agreement is admissible. (*Lange* v. *Johnson,* 87 Wis. 26, 57 N. W. 1109; *Demarest* v. *Haide,* 52 N. Y. Super. Ct. 398; 108 N. Y. 658, 15 N. E. 444.) "When a contract provides that

no extra work is to be paid for except by contract in writing, the parties may verbally rescind this provision and agree to alterations. If the agreement is mutual between the parties, they may by mutual assent verbally rescind any of its stipulations, and enter into a new or subsequent oral agreement as to changes, alterations and extras.'' (*Morrill* v. *Colehour*, 82 Ill. 618; *Cooke* v. *Murphy*, 70 Ill. 96; *Kalkmann* v. *Baylis*, 17 Cal. 291.)

MR. JUSTICE SANNER delivered the opinion of the court.

The Inter-State Lumber Company, plaintiff below, agreed in writing with the defendants that it would, for the sum of $3,925, furnish ''during the progress of the building, so as not to delay the work,'' certain materials required in the construction of a residence, to-wit: ''All the common lumber, as dimension and sheathing, as per list attached; all the outside finish, such as cornice and porch work, ceiling, window and door frames, as per list attached; all the interior finish and millwork, such as sash, doors, stairs, base, and other finish, as per list attached. All this material to be in strict accordance with the plans and specifications and details prepared by Link & Haire, architects at Helena, Montana, and subject to their approval.''

The complaint, alleging compliance with this contract, declares upon an unpaid balance of $1,410.55 for materials furnished under the same, and also upon an account for $358.35 for additional or extra materials furnished for the building in question at defendants' special instance and request. The answer admits the balance as stated under the contract, but claims an offset amounting to $420 for delay, denies all liability for the extra materials, and pleads an offer and tender to pay $1,500 in settlement of plaintiff's demands. Trial of the issues resulted in a verdict and special findings of the jury in favor of the plaintiff, upon which a money judgment for $1,768.90 was entered, together with a decree recognizing and foreclosing a materialman's lien for said amount—all in conformity

with the allegations and prayer of the complaint. Defendants appeal from this judgment and from an order denying them a new trial.

Fourteen errors are assigned, which present two principal questions, *viz.:* (1) Does the record warrant the allowance of plaintiff's claim for extras? And (2) does it warrant the disallowance of defendants' claim for delay?

1. In all the transactions relating to the building, the defendant company was acting through its manager, the defendant Kleinschmidt, and the construction was under the immediate supervision of one Howard Pew, engaged by them for that purpose. It seems to be conceded that the plaintiff did furnish all the materials required by the lists attached to the contract and, so far as quality and character are concerned, in strict accordance with the plans, specifications and details of the architects. How the so-called extras came to be procured is related by Mr. Pew as follows: "When we had exhausted our common lumber supply, we needed more lumber, and I went to Mr. Kleinschmidt and asked him what I should do about procuring extra lumber needed on the job, and I asked him if I should obtain the same from the Inter-State Lumber Company, stating that the Inter-State Lumber Company had agreed to furnish the extra lumber needed on the job at the same price that they had furnished it under the original contract, and I asked him if I should go ahead and order the lumber there, as I needed it, and he told me 'Yes.' I then went to Mr. Swinehart (plaintiff's manager), who was in his office at the time, and I asked him if he would agree to furnish the extra lumber at the same price at which he was furnishing lumber on the original contract, and he told me 'Yes.' I went back to Mr. Kleinschmidt then and told him that he (Swinehart) had agreed to furnish the lumber that way, and I went back then to Mr. Swinehart with my orders from time to time during the progress of the work, and they furnished the materials for me under that arrangement. I have seen a bill for extra material, which I approved prior to the filing of the lien in this case.   *   *   *   The extras therein

specified were actually furnished by the plaintiff, the Inter-State
Lumber Company, and went into the building, under the au-
thority of Mr. Kleinschmidt, as above stated, and they were
absolutely necessary to complete the work. * * * There
was no written agreement with reference to it, nor was there
any written authority.''

The contention of the defendants is that, notwithstanding
these circumstances, recovery for the extra material may not be
[1] had because the specifications are to be read into the con-
tract, and these contain a clause that: ''Nothing shall be con-
sidered as extra unless it is agreed upon in writing before said
extra work is done, and signed by the owner and contractor and
certified to by the architects.'' The contention cannot be up-
held for at least three reasons, which may be briefly stated
thus: The duty of plaintiff under the contract was measured, as
to the quantity of materials to be furnished, by the lists at-
tached; the reference to the specifications having to do, not with
quantity, which was governed by the lists, but with character
and quality, as to which no fault was found. The clause of
the specifications invoked has no express reference to materials,
but only to extra work, and there is nothing in the record to
compel the inference that materials were intended to be within
its purview. Compliance with it was therefore not essential.
But, assuming the clause referred to does cover materials and
[2] is to be read into the contract, that would not prevent what
the evidence tends to establish, *viz.*, the abrogation of this clause
by subsequent oral agreement of the parties, or its waiver, with-
out writing, by the party for whose protection it was intended.
(*Wortman* v. *Kleinschmidt,* 12 Mont. 316, 330, 30 Pac. 280;
*Hamilton* v. *Woodworth,* 17 Mont. 327, 42 Pac. 849; *Badders
& Britt* v. *Davis,* 88 Ala. 367, 6 South. 834; *McFadden* v.
*O'Donnell,* 18 Cal. 160; *Bartlett* v. *Stanchfield,* 148 Mass. 394,
2 L. R. A. 625, 19 N. E. 549.)

2. Whether the plaintiff furnished the materials promptly,
''so as not to delay the work,'' and, if it did not, whose was
the fault, were questions of fact. Upon them the evidence seems

to preponderate decisively against the defendants' contention that there was such failure or fault on plaintiff's part. The testimony of defendants' own supervisor is alone sufficient to justify the findings on this point, and it is useless to seek of this court a revision of the judgment in that regard.

Error is assigned upon certain rulings in the admission and exclusion of evidence. These assignments are all technical in character. Most of the rulings complained of were correct. In none of them was there error sufficient to command a retrial of the cause.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

(Submitted June 28, 1915.  Decided July 3, 1915.)