RUTHERFORD v. KAHLER.

Opinion delivered September 26, 1927.

CONTRACTS—WAIVER OF WRITTEN NOTICE.—A provision of a building contract for a written notice of delays caused by the architect, *held* waived by acceptance of oral notices, so that the contractor was not chargeable with liquidated damages.

Appeal from Pulaski Chancery Court; *W. P. Beard,* Special Chancellor; affirmed.

*Reinberger & Reinberger,* for appellant.

*Malcolm W. Gannaway* and *A. Carlyle Gannaway,* for appellee.

SMITH, J. Appellee, who is a building contractor, entered into a written contract on May 15, 1925, with appellant, whereby he agreed to erect for her a two-story brick building for the sum of $12,671. The contract contained the usual provisions found in the ordinary building contract, and required the contractor to complete the building in a hundred and twenty days. The building was finally completed and accepted on December 12, 1925, and appellee brought this suit to recover the balance which he alleged was due him.

The contract named a supervising architect, and gave him authority, as agent for the owner, to make changes and additions in the plans, upon notice in writing to the contractor, and during the progress of the work certain changes were made upon the order of the architect, but the directions under which this was done were orally given.

Article 7 of the contract provided that, should the contractor be delayed in the prosecution or completion of the work by the act, neglect or default of the owner or architect, the time fixed for the completion of the work should be extended for a period equivalent to the time lost on that account, the extended period to be determined by the architect, "but such allowance shall not be made unless the claim therefor is presented in writing to the architect within forty-eight hours of the occurrence of the delay."

It is not denied that the building was completed in accordance with the plans and specifications therefor, nor is it denied that the contractor is entitled to charge for certain extras ordered by the architect and certain freight paid by the contractor which the owner should have paid. It is insisted, however, that the building was not completed within the time limited, and the owner claims, on that account, the right to take credit for the liquidated damages which the contract provided for in case of delay. This provision was that liquidated damages in the sum of seven dollars per day should be paid for every day after one hundred and twenty days from the date of the contract until the building should be completed, and the contractor concedes the validity of this provision as one for liquidated damages and not a penalty. The contractor contends, however, that the delay was occasioned by the default of the architect, and the court expressly found the fact to be that such was the case, and that finding does not appear to be against the preponderance of the evidence.

It is the insistence of the owner that written notice of this default was not given as required by article 7 of the contract, nor was that agreement waived by her, and that therefore the contractor is liable for the liquidated damages provided for in the contract. The court below found that the requirements for the written notice had been waived by the conduct of the parties, and refused to allow any sum as liquidated damages, and the correctness of this finding appears to be the only question presented for our decision. ·

In the chapter on "Building and Construction Contracts," 9 C. J. 782, it is said that: "When the contract so provides, the builder must give notice to the owner or the architect of delays arising from stipulated causes, or of his claim for additional time by reason of such delays, or he will not be excused or entitled to additional time, unless such formality is waived."

Among the cases cited in the note to the text quoted is our case of *Wait* v. *Stanton,* 104 Ark. 9, 44 S. W. 446,

and that case sustains the text quoted. Article 7 of the contract there construed appears to be identical with article 7 of the contract under consideration here, and it was there said:

"Article 7 provides that, if the contractors be delayed in the prosecution or completion of the work by the act, neglect or default of the owner or architect, the time herein fixed for the completion of the work shall be extended for a period equal to the time lost by reason of any such cause. But it also provides that no such allowance shall be made unless a claim therefor is presented in writing to the architect within forty-eight hours after the occurrence of such delay. Thus it will be seen that the contract expressly provides for a notice in writing, and the owner cannot be deprived of the benefit of that stipulation in his agreement. The obligation of the contractor to make claim for an extension of time in the manner prescribed by the contract was a condition precedent to his right thereto" (Cases cited).

It appears that, while this stipulation is universally upheld, the courts also hold that the provision for a written notice may be waived, and that a waiver will be implied where, from the conduct of the owner or architect, the contractor is led to believe that the require-ment of written notice will not be insisted upon.

As we have said, the court specifically found the fact to be that the requirement for written notice under article 7 was waived, and we do not think this finding is clearly against the preponderance of the evidence. The court found that, at the direction of the architect, the contractor had performed certain extra work and labor and had made certain changes. The right thus to direct the contractor was given the architect, but the contract provided that it should be done upon written directions, yet the parties treated oral directions as sufficient.

The court made the following finding:

"The court further finds that said Mitchell Sellig-man, defendant's architect, mentioned in said contract,

received and accepted verbal notice of all delays caused by him or said defendant, and that the conduct of said Selligman constitutes a waiver of the defendant's right to demand later written notice of said delays, and that, by the conduct of said defendant, she is now estopped to set up her demand for written notice or claim for extension of time on account of the delays caused by the said defendant and her said architect.''

We think the testimony sustains this finding. The contractor from time to time reported to the architect the delay which was being occasioned by the architect. These notices were usually given personally or in conversation over the telephone, and there was no intimation that they would not be received as notice because they were not in writing.

In the case of *Schmulbach* v. *Caldwell*, 196 Fed 16, (C. C. A.), a contract very similar to the one here involved was under consideration, and the court, in holding that the provision for written notice might be waived by the apparent acceptance of an oral notice, said:

''It is evident that neither of the parties were adhering strictly to all of the terms of the contract in respect to these items of extra work. There is ample ground upon which to base the conclusion that, in regard to them, there was, by course of conduct, a waiver of the terms of the contract. They enter into the building, enhance its value, and defendant is in the enjoyment of them. As said by Mr. Justice Holmes, in *Bartlett* v. *Stanchfield,* 148 Mass. 394, 19 N. E. 549, 2 L. R. A. 625, cited in the opinion of Judge Dayton, dealing with a charge for extras in a suit upon a building contract very similar to this: 'Attempts of parties to tie up by contract their freedom of dealing with each other are futile. The contract is a fact to be taken into account in interpreting the subsequent conduct of plaintiff and defendant, no doubt.' While courts will enforce contracts as made by parties, they will require that both parties shall 'live up' to them. One may not by a course of conduct induce another to act upon the understanding that there is a

waiver of strict performance, thereby obtain an advantage or benefit, and repudiate liability for fair compensation by invoking the terms of the contract. To do so is inequitable. Whatever difficulties a court of law may find in dealing in such cases, by reason of technical rules of pleading, disappear in a court of equity, where it is apparent that one party has acquired a benefit from the work done and material furnished by the other, under such circumstances as to make it inequitable to withhold compensation. It is manifest that the extras for which no written order was given come within this principle. The master has properly held the plaintiffs to strict proof in respect both to the necessity for the work and its value. He has rejected every doubtful claim. These findings have been approved by a learned and careful judge. The course pursued in the construction of the building in this respect is much like, and we think comes clearly within, the well-reasoned and sustained opinion of this court in *Jefferson Hotel Co.* v. *Brumbaugh, supra.''* See also *Huber* v. *St. Joseph's Hospital,* 11 Idaho 631, 83 Pac. 768; *Vanderhoof* v. *Shell,* 72 Pac. 126, 42 Ore. 578; *Carter* v. *Root,* 121 N. W. 952, 84 Neb. 723.

Upon a consideration of the whole case we are of the opinion that the court below properly held that the provision for written notice of delays occasioned by the owner's agent, the architect, was waived, and that the oral notice given sufficed, and fully warranted the court below in refusing to charge the contractor with the delay in construction which the owner's agent occasioned, and the decree of the court below will therefore be affirmed, and it is so ordered.