218 P.2d 861

**MICHELSON v. HOUSE et al.**

**HOUSE v. MICHELSON et al.**

**No. 5222.**

Supreme Court of New Mexico.

Feb. 20, 1950.

Rehearing Denied April 5, 1950.

Second Motion for Rehearing Denied
June 8, 1950.

Owen B. Marron and Alfred H. McRae, Albuquerque, for appellee and cross-appellant.

Keleher & McLeod, Albuquerque, David R. Gallagher, Albuquerque, for appellant.

COMPTON, Justice.

Appellee seeks a declaratory judgment as to certain alleged disputes resulting from conflicting interpretations of a building contract, whereby appellant, on a cost-plus basis, constructed Bell Indian Trading Post at a cost of $244,256.08, for an accounting and particularly that appellant's fee be determined at $12,600.00. The contract contained the following provision: "In consideration of the performance of the Contract, the owner agrees to pay the Contractor, in current funds, as compensation of his services hereunder nine percent of the cost of the work, provided the work costs in excess of $100,000.00 and 10% in case the amount of work done is less than $100,000.00 which shall be paid as follows: Six percent on monthly statements as per certificates issued by the Architect. In no case shall the cost of the work exceed the sum of $140,000.00 the remainder of the fee shall be paid on certificate of the Architect and on completion of the Work."

Appellant charges that by a mutual consent there was a radical departure from the contract and that such extra work entitled him to fees on the total cost of the building. By counterclaim he asserts a lien for $4,845.30 as fees for the extra

work, and prays judgment foreclosing the lien, for costs and attorney fees. The trial court granted summary judgment holding the lien was unenforceable. In the adjustment of accounts the court allowed a credit of $520.90 as reimbursement on equipment owned and used by appellant in the construction.

The jury returned a verdict for appellant for $21,982.86, 9% of the total cost. Upon appellee's motion the verdict was set aside and judgment rendered for appellee for $4,419.61, fees previously collected by appellant for extra work.

To review the action of the court both parties appeal.

Appellant assigns as error the ruling (a) that the lien is unenforceable, and (b) in setting aside the verdict. Appellee assigns as error the ruling allowing reimbursement for use of personally owned equipment.

The installation of heating, plumbing, electrical work, machinery and equipment was to have been done by separate contract, and supervised by appellant. The idea of separate contracts, however, was mutually abandoned, and appellant through subcontractors did the extra work at an additional cost approximating $100,000.00. The extras necessitated additional time and work, especially bookkeeping, as shown by voluminous amount of exhibits, the negotiating and handling of subcontracts, and the disbursement of funds, duties obvious-

ly not contemplated by the contract. The payments for extras were made on itemized monthly statements, each plainly appellant's fees for over-head and profits, submitted to and approved by appellee's architect after which they were paid by appellee. Moreover, controversy having arisen between the owner, appellee herein, and the subcontractor for the plumbing work and negotiations between him and the owner becoming deadlocked, the appellant, in order to adjust the matter and expedite the work, from his own funds, paid out $1,000.00. This act on his part strongly suggests mutual understanding at that time that appellant had a financial interest in the extra work over and above mere supervision.

We conclude there was evidence for the jury. The parties could substitute a new contract by conduct as well as by expressed stipulations. Entertaining this view, it follows that the court erred in sustaining the motion for judgment notwithstanding the verdict.

In the consideration of a motion for judgment non obstante veredicto, the evidence favorable to the successful parties together with the inferences that may reasonably be drawn therefrom are to be accepted as true. To grant the motion the court should be able to say that there is neither evidence nor inference from which the jury could have arrived at its verdict. The author, at 30 Am.Jur., Judgments,

Section 57, states the rule: " * * * In determining whether to render a judgment non obstante veredicto, the court is not justified in trespassing on the province of a jury to be the judges of all questions of fact in the case, and the party favored by the verdict is entitled to have the testimony read in the light most advantageous to him, and to be given the benefit of every inference of fact fairly deducible therefrom."

The doctrine announced has been followed generally. Thus, in Volland v. McGee, 236 Wis. 358, 294 N.W. 497, 499, 295 N.W. 635, the court said:

"A motion for judgment notwithstanding the verdict admits for the purposes of the motion the existence of the facts found by the jury and asserts that taking the verdict as it stands judgment should go the other way. It does not challenge the sufficiency of the evidence to support the findings."

And in Turner v. Lischner, 52 Cal. App.2d 273, 126 P.2d 156, 159, it was said: "Appellants' final contention, that the trial court erred in denying their motions for a nonsuit, directed verdict and judgment notwithstanding the verdict, cannot be sustained, under the general and uniformly recognized rule that such motions must be denied when there is any evidence to sustain the plaintiff's case. In passing upon such motions, the power of the court is strictly limited. It has no authority to weigh the evidence, but must view it in the light most favorable to plaintiff. In other words, the court must give to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference that may be drawn from such evidence."

See also, Mesich v. Board of County Com'rs of McKinley County, 46 N.M. 412, 129 P.2d 974; Knight v. Trogdon Truck Co., 191 Wash. 646, 71 P.2d 1003; Lessy v. Great Atlantic & Pacific Tea Co., 121 Pa.Super. 440, 183 A. 657; Bohumir Kryl Symphony Band, Inc., v. Allen University, 196 S.C. 173, 12 S.E.2d 712; Bartlett v. Stanchfield, 148 Mass. 394, 19 N.E. 549, 2 L.R.A. 625.

The court, in granting summary judgment, found that appellant's lien was unenforceable because it was not timely filed. Respecting this question supporting and opposing affidavits were filed by the parties. Appellee relies mainly upon a letter (attached to the motion) written by appellant, dated March 18, 1947, addressed to Bell Indian Trading Post, saying "Your building according to your plans and specifications is now completed as specified". In response, appellant stated that the date given in the letter was incorrect and that the building was not completed until Octo-

ber 8, 1947; hence, timely filed. The counterclaim likewise states that the building was not completed until October 8, 1947. These facts are material and present a genuine issue.

A motion for summary judgment is not to be considered as a substitute for a trial and should not be granted where there is a genuine issue of material fact. Rule 56(c), our rules, Sec. 19-101(56) N.M. Stats.1941 Compilation; McLain v. Haley, 53 N.M. 327, 207 P.2d 1013; Agnew v. Libbey, 53 N.M. 56, 201 P.2d 775. Litigants are entitled to the right of trial where there is the slightest doubt as to the facts. Ramsouer v. Midland Valley Railroad Co., D.C., 44 F.Supp. 523; Whitaker v. Coleman, 5 Cir., 115 F.2d 305.

Cross-appellant contends that the court erred in allowing reimbursement for equipment owned and used by appellant in the construction. It appears that appellant used various items of equipment and, justifying their use, he argues that he saved the owner additional expense. This contention is without merit. The contract is silent respecting reimbursements for personally owned equipment. In the absence of such stipulations, appellant was required to furnish the necessary equipment for the work at hand. The claim was a part of the overhead and clearly falls within the provision of Section six of the contract which expressly excludes reimbursement for overhead and general expenses.

In Lytle, Campbell & Co. v. Somers, Fitler & Todd Co., 276 Pa. 409, 120 A. 409, 27 A.L.R. 41, the work was done "on a time and material basis, with ten per cent. profit as compensation to the contractor, the records of the cost to be kept at all times in such a manner as to be checked and audited by the owners". The contractor sought to recover as cost items of rent, heat, light, etc. and in rejecting the claim the court said: "The words (on a time and material basis with 10% profit as compensation to the contractor) will not be extended beyond their exact meaning, and indeed they should be given a restricted meaning. At least they should be considered in the sense in which they are popularly understood. *One thus contracting engages to furnish and keep in condition the tools and necessary equipment to do the work.*" (Emphasis ours.)

Similarly, in Shaw v. G. B. Beaumont Co., 88 N.J.Eq. 333, 102 A. 151, 153, 2 A.L.R. 122, the court, in disposing of the question, said: "So the tools used in the construction of the building, they were a part of the equipment of the contractor; a contractor, when he agrees to build, must, in the absence of a contrary agreement, furnish all the tools and necessary appliances for the work contracted to be done."

See also, Advance Auto Body Works v. Asbury Transp. Co., Inc., 10 Cal.App.2d 619, 52 P.2d 958, where under a cost-plus contract, charges for depreciation on machinery was disallowed, not being a part of the cost of the building.

The exceptions dispose of matters presented on appeal. The question of attorney fees remains a consideration for the trial court.

The judgment will be reversed with directions to the trial court to reinstate the case upon its docket, determine the validity of the asserted lien, vacate the judgment non obstante veredicto and enter judgment for appellant for the amount of the verdict, less $520.90. It is so ordered.

BRICE, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.

On Motion for Rehearing

PER CURIAM.

Upon second motion for rehearing and to recall the mandate; the motion for rehearing is denied, the motion to recall the mandate will be granted with directions to the trial court to reinstate the case upon its docket, determine the validity of the asserted lien, vacate the judgment non obstante veredicto and enter judgment for appellant for the amount of $3,735.85.

BRICE, C. J., and LUJAN, SADLER, McGHEE, and COMPTON, JJ., concur.