241 P.2d 331

**STEVENS et al. v. VAN DEUSEN.**
**No. 5420.**

Supreme Court of New Mexico.
Dec. 31, 1951.

Rehearing Denied March 21, 1952.

Quincy D. Adams, Albuquerque, for appellants.

Keleher & McLeod and J. C. Ryan, Albuquerque, for appellee.

COMPTON, Justice.

The question is whether appellee, Katharine Van Deusen, is liable for the torts of Wright Van Deusen, her minor son.

Appellants instituted this action against Wright Van Deusen, a minor, and his mother, Katharine Van Deusen, for damages arising out of an automobile accident. It is charged that the said Wright Van Deusen negligently parked an automobile at night upon a public highway and, while so parked, negligently failed to exhibit and display lights either to the front or to the rear thereof, and as a result of such negligence there was a collision between the automobile thus parked and the automobile driven by appellant, Patrick R. Stevens, resulting in damages to appellants. Issue was joined by a general denial. As separate defenses appellee, Katharine Van Deusen, alleges that Wright Van Deusen is a minor, that the automobile was his separate property, and that at the time of the accident her son was not her agent. She also pleads as a defense the contributory negligence of appellant, Patrick R. Stevens.

Depositions of Wright Van Deusen and appellee, Katharine Van Deusen, were taken and the evidence is briefly summarized. Wright Van Deusen is a minor, residing with his mother at 809 Ridgecrest Drive in Albuquerque, New Mexico. He has lived with her continuously during recent years, except for about two and one half months in 1949 while working in Lubbock, Texas. He purchased the car involved in the accident, a 1938 Ford, at Lubbock, Texas, April 1, 1949, paying therefor $150, $75 cash and the balance on installments. He left his mother's home in Albuquerque, March 14, 1949, and returned on June 5, thereafter, bringing the car with him. While in Texas his earnings were $180 per month. He kept the car parked in the yard of his mother and used it as a means of transportation to and from the University as well as for pleasure. His mother also owned a 1947 Packard. Besides his employment in Texas, he had previously worked for the Springer Transfer Company and for the Weber Construction Company in New York in 1948 for short periods of time. He is a student of the University of New Mexico and his mother has supported him at all times except the time he was in Lubbock when he had run away from home and she did not know his whereabouts. On two occasions she used the Ford for short pleasure trips around Albuquerque. The upkeep of the Ford was paid out of his earnings and weekly allowances of $5 from his mother. The mother made no objections to his having and using the car. Appellee, Kathar-

ine Van Deusen, is a widow, her husband having died in 1933.

It also appears that the accident occurred between Santa Fe and Albuquerque on July 10, 1949. Wright Van Deusen had been to a house party with some University friends and while returning, his car stalled on the highway and remained parked on the paved portion. Thus parked, appellant, Patrick R. Stevens, while driving an automobile and traveling in the same direction, ran into the rear of the parked automobile, causing the alleged damages.

Motion for summary judgment was interposed and based upon the pleadings, affidavits and depositions, the trial court entered judgment in favor of appellee, Katharine Van Deusen, from which appellants appeal.

The "family purpose" doctrine is followed in this jurisdiction. Boes v. Howell, 24 N.M. 142, 173 P. 966, L.R.A. 1918F, 288. Appellee Katharine Van Deusen contends, however, that the doctrine does not apply since the automobile was purchased by the minor, from funds earned by him while in Lubbock, Texas. This is not necessarily so. Parents are entitled to the custody, control and earnings of their minor children. The pertinent statutes read:

"Equal powers of parents—Custody of children.—The parents of a minor shall have equal powers, rights and duties concerning the minor. The mother shall be as fully entitled as the father to the custody, control and earnings of their minor child or children. In case the father and mother live apart the court may, for good reasons, award the custody and education of their minor child or children to either parent or to some other person." Section 35–102, 1941 Comp.

"Earnings of wife and minor children after separation.—The earnings and accumulations of the wife and of her minor children living with her or in her custody, while she is living separate from her husband, are the separate property of the wife." Section 65–307, 1941 Comp.

See also, Weimhold v. Hyde, Tex.Civ. App., 294 S.W. 899; Gulf, C. & S. F. Ry. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659; Cook v. Mann, Tex.Com.App., 40 S. W.2d 72; Schuster v. Bauman Jewelry Co., 79 Tex. 179, 15 S.W. 259, 23 Am.St.Rep. 327.

The case of Robinson v. Ebert, 180 Wash. 387, 39 P.2d 992, 993, is quite analogous though not decisive. The father owned an automobile which was kept in a two-car garage at his home. The son, a minor, worked in his father's bank as a teller, receiving a salary of $60 per month. The son purchased an automobile for which he paid, $1,131.80 cash, and borrowed $800 from his father's bank, secured by a chattel mortgage. He also kept the car in his

father's garage and used it for pleasure. While being driven by the son, the car was involved in an accident resulting in the death of one person and the serious injury of another. The question arose as to the liability of the parents and, respecting the question, the court said:

"* * * Appellant E. C. Ebert testified that his son Dean was of a frugal disposition and had saved some money concerning which the witness knew nothing prior to December, 1931, and that the witness was not advised concerning his son's contemplated purchase of an automobile, nor when the car appeared in the family garage did he know that the car had been bought by the boy.

"Dean Ebert testified that he knew that his father would object to his buying a car and that he kept his plan to make such an investment a secret from his father; * * *.

"Examination of the record convinces us that the trial court did not err in submitting the case to the jury as to Mr. and Mrs. Ebert. * * *

"* * * The question of the minor's status as whether emancipated or not was for the jury, and under the record herein is not to be decided as matter of law. * *

"In the case at bar Dean Ebert was a minor, residing with his parents in their home. The question of the parents' liability under all the circumstances disclosed by the record before us was for the jury and not for the court to determine as matter of law. Birch v. Abercrombie, 74 Wash. 486, 133 P. 1020, 50 L.R.A.,N.S., 59; Hanson v. Eilers, 164 Wash. 185, 2 P.2d 719.

"Whether a parent gives to an unemancipated minor child an automobile with permission to use the same, or whether he gives the child the money with which to buy an automobile, or whether he permits the child to purchase a car with money given the minor by some one else or earned by him, would, under circumstances similar to those here shown, appear to make little difference as to the question of whether or not the parents' responsibility constitutes a question of fact to be determined by the jury. * * *"

It is further argued that the "family purpose" doctrine is not applicable since the automobile at the time of the accident was not being used for the convenience and pleasure of more than one member of the family. In this respect, there is a decided conflict of authorities, the jurisdictions being practically evenly divided, though to a slight extent favoring the non-liability view. Annotation 64 A.L.R. 851. Nevertheless, the case of Boes v. Howell, supra, is controlling. In Birch v. Abercrombie, 74 Wash. 486, 133 P. 1020, 50 L.R.A.,N.S., 59, cited with approval in the Boes case, the parent was held liable though the minor was alone at the time of the accident.

■ We conclude that summary judgment was erroneously granted. The status of the minor, whether emancipated, is a question of fact and cannot be decided as a matter of law. Agnew v. Libby, 53 N.M. 56, 201 P.2d 775; Michelson v. House, 54 N.M. 197, 218 P.2d 861; Colby v. Klune, 2 Cir., 178 F.2d 872. Negligence and contributory negligence, other factual questions, are likewise issuable.

The judgment will be reversed with directions to the trial court to enter an order reinstating the case upon its docket and proceed in a manner not inconsistent herewith. And it is so ordered.

LUJAN, C. J., and SADLER and McGHEE, JJ., concur.

COORS, J., not participating.