260 P.2d 365

**TRUJILLO et al. v. RIVERA.**

No. 5581.

Supreme Court of New Mexico.

Aug. 12, 1953.

Edwin L. Felter and Albert Gonzales, Santa Fe, for appellant.

Dean S. Zinn and Frank B. Zinn, Santa Fe, for appellees.

McGHEE, Justice.

The three minor appellees received injuries when a pickup truck owned by the appellant, Merijildo Rivera, was overturned while being driven by his minor son, Richard Rivera, also a defendant below, and the following awards of damages were made against the defendants below, to wit: For injuries to Willie Trujillo, $4,000; for injuries to Angelo Vigil, $3,000; for injuries to Ruben Vigil, $100.

The appellant lived on West San Francisco Street in the City of Santa Fe and owned a ranch some three miles west of the city where he kept hogs which were fed on garbage collected at various restaurants in such city and hauled to the ranch in the pickup truck. Water for the stock on the ranch was also hauled at the same time in barrels. The minor defendant, Richard Rivera, often accompanied his father, brother or uncle to the ranch when the garbage and water were hauled to the

stock, and his father had been teaching him to drive the truck.

On the day of the accident when the minor Richard returned home from school he loaded the garbage on the truck, filled the water barrels, went into the home and picked up the truck keys, and he and the three minor plaintiffs left for the ranch. During the trip, due to the reckless driving of Richard, the truck overturned as above stated.

Following a trial without a jury, the trial court found for the plaintiffs and made the following findings of fact, among others:

"8. The 1938 Chevrolet pick-up truck which defendant Richard Rivera was driving at the time of the accident was owned, provided and maintained by the defendant Merijildo Rivera for the general use, pleasure and convenience of himself and his family, and at the time of the accident said motor vehicle was being driven by said defendant's son for one of the purposes for which it was provided and maintained, namely, to haul feed and water to animals owned by the defendant Merijildo Rivera and located on his farm in Santa Fe County.

"9. The defendant Merijildo Rivera on various occasions prior to the accident in question had given the defendant Richard Rivera driving lessons in the very same truck involved in said accident; the defendant Richard Rivera had driven the truck to defendant Merijildo Rivera's farm on several occasions prior to the date of the accident; the keys to said truck were always kept easily accessible to all members of defendant Merijildo Rivera's family; and at no time did the defendant Merijildo Rivera take any precautions to prevent the use of the truck by the defendant Richard Rivera.

"10. The conduct of the defendant Merijildo Rivera with respect to the use of the truck by defendant Richard Rivera and other members of his family prior to the day of the accident was such that at the time of the accident the defendant Richard Rivera had the implied consent and permission of the defendant Merijildo Rivera to drive and use said truck for the purposes for which it was actually being used."

The appellant relies upon the following point for a reversal of the judgment rendered against him:

"Defendant, Merijildo Rivera, never gave unto his son, Richard Rivera, a minor, *general* permission or authority to drive the pick-up truck in question, and at the time of the injuries herein complained of, the said Richard Rivera was driving the said pick-up truck without the knowledge or permission

and consent, either express or implied, of his father, and under such facts, defendant, Merijildo Rivera, is not liable for any torts of his said son in the premises, either under the family purpose doctrine or under principles of agency."

He accepts the fact we are committed to the family purpose doctrine as announced in Boes v. Howell, 1918, 24 N.M. 142, 173 P. 966, L.R.A.1918F, 288, and lately affirmed in Stevens v. Van Deusen, 1951, 56 N.M. 128, 241 P.2d 331, but contends there is no substantial evidence in the record to support findings of fact Nos. 8, 9 and 10, supra. He quotes and refers to only a small portion of the evidence on which the findings are based, while the appellees quote sufficient evidence, we believe, to support these findings. We have, however, examined this quite lengthy record and find ample evidence coming from the appellant and members of his family, in part, to support the material findings of the trial court, a portion of which is briefly summarized, as follows:

The pickup was available for all members of the family, for business, pleasure or their convenience; the father had been giving Richard driving lessons on the way to and from the farm in the truck; Richard loaded the truck at the home with the knowledge of his mother, secured the keys from the place where they were kept in the kitchen where the mother was at the time making tortillas; the boys got in the truck and headed for the ranch with the feed and water for the stock without protest from the mother. Assisting in the loading of garbage and water, and giving them to the stock seems to have been more or less a regular chore for the boy.

It is true the appellees were unable to prove express consent of the father to Richard to drive the truck in question, and the trial court found such consent was implied, but a reading of the entire record convinces the writer the trial court was correct in its findings and conclusions of law. The judgment will be affirmed, and It Is So Ordered.

SADLER, C. J., and COMPTON, LUJAN and SEYMOUR, JJ., concur.