392 P.2d 404

Juanita TOWNSEND, Robert Townsend, and James Richard Townsend, a minor, by his next friend and father, Robert Townsend, Plaintiffs-Appellants,

v.

UNITED STATES RUBBER COMPANY, a corporation, Tidewater Oil Company, a corporation, and Gold Cross Ambulance Service, a corporation, Defendants-Appellees.

No. 7390.

Supreme Court of New Mexico.

May 18, 1964.

Matteucci, Gutierrez & Franchini, Albuquerque, Boccardo, Blum, Lull, Niland & Teerlink, San Jose, Cal., for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Adams & Pongetti, Albuquerque, for appellees.

COMPTON, Chief Justice.

The plaintiffs appeal from a judgment entered in favor of the defendants notwithstanding a jury verdict to the contrary.

The action was instituted by the plaintiffs to recover damages for personal injuries suffered by them in a one-car accident allegedly caused by a defective tire or tires manufactured and sold, respectively, by the United States Rubber Company and the Tidewater Oil Company, defendants.

The complaint, in separate causes of action, alleged negligence on the part of the defendants in their design, manufacture, inspection, distribution, sale and mounting of the tires sold to the plaintiffs, and the breach of implied warranties of their fitness and merchantability. The defendants denied the allegations of all causes of action and alleged contributory negligence. The cause was tried to a jury. During the course of the trial the testimony of the plaintiffs' expert witness, Robert Snyder, relating to his opinion of the nature, type, extent and cause of the alleged manufacturing defect in the bead area of the right rear tire on plaintiffs' car, was admitted over the objections of the defendants. At the close of the plaintiffs' case, and again at the completion of all of the evidence, the defendants moved to strike the above-referred to testimony, and also for a directed verdict on the grounds, among others, that the plaintiffs had failed to sustain the essential al-

legations of their complaint as to negligence or implied warranties; that there was no privity of contract between the parties without which there could be no implied warranties; and that the evidence showed, as a matter of law, the plaintiffs were guilty of contributory negligence. The motions were denied except for the ruling of the court that the causes of action alleging negligence were to be withdrawn from consideration by the jury.

The cause was submitted to the jury on the issues of breach of implied warranties and contributory negligence. A verdict awarding substantial sums to the plaintiffs was returned. Thereafter the defendants moved for judgment notwithstanding the verdict or, in the alternative, for a new trial, and also, again, moved the court to strike the objectionable testimony of the plaintiffs' expert witness. It is from the granting of the defendants' motion for judgment notwithstanding the verdict that the plaintiffs appeal.

In seeking to have this court set aside the judgment entered below, the appellants urge that the court committed prejudicial error (1) in striking testimony of their expert witness after the trial was concluded and the jury had returned a verdict in their favor, and (2) in granting judgment notwithstanding the verdict as the verdict was supported by substantial evidence.

As we view it, the primary question raised is whether the granting of judgment notwithstanding the verdict was proper under the circumstances of this case. We are impressed with the appellants' contention, on oral argument, and implicit in their points on appeal, that there was no proper basis here for the granting of such judgment.

For the sake of clarity, we will look to the language of the judgment itself. Its pertinent portions read:

"* * * the United States Rubber Company and Tidewater Oil Company having thereafter [after the verdict] filed a Motion for judgment notwithstanding the verdict, for new trial and to strike the testimony of the expert witness, Robert Snyder; the court, having considered the evidence and heard the arguments of counsel; being fully advised in the premises; having determined that said Motion should be granted to the extent herein provided; and that the testimony of the expert witness, Robert Snyder, should be stricken for the reason that the Court was in error in allowing said witness to testify as an expert as to any defect in the bead area of the tire, and that said witness was not qualified to give such an opinion and that his testimony in that regard was speculative and not based on fact; and the Court having further determined that there was not substantial evidence to support the

verdict of the jury and that a judgment notwithstanding the verdict should be entered in favor of the defendants United States Rubber Company and Tidewater Oil Company and against the plaintiffs; thereupon, upon consideration thereof

"IT IS ORDERED, ADJUDGED, and DECREED AS FOLLOWS:

"1. That the testimony of the expert witness, Robert Snyder, in so far as the same purports to relate to an alleged manufacturing defect in the bead area of the right rear tire of the vehicle in which the Plaintiffs were riding be, and the same is, hereby stricken.

"2. That the verdict of the jury in favor of the Plaintiffs and against the Defendants be, and the same hereby is, set aside and held for naught."

Thus we have the granting of a judgment nowithstanding the verdict on a diminished record after the elimination of evidence submitted to and considered by the jury.

■■■ This court has held that in considering a motion for judgment notwithstanding the verdict, the favored party is entitled to have the testimony considered in a light most favorable to him and is entitled to every inference of fact fairly deducible from the evidence; Michelson v. House, 54 N.M. 197, 218 P.2d 861; Carpenter v. Yates, 58 N.M. 513, 273 P.2d 373; Rivera v. Ancient City Oil Corpora-

tion, 61 N.M. 473, 302 P.2d 953; Romero v. Turnell, 68 N.M. 362, 362 P.2d 515; Landers v. Atchison, Topeka & Santa Fe Railway Co., 68 N.M. 130, 359 P.2d 522; that the evidence favorable to the successful parties together with the inferences that may reasonably be drawn therefrom are to be accepted as true; Michelson v. House, supra,; Zanolini v. Ferguson-Steere Motor Co., 58 N.M. 96, 265 P.2d 983; Bradley v. Johnson, 60 N.M. 453, 292 P.2d 325; that a motion for judgment notwithstanding the verdict does not challenge the sufficiency of the evidence to support the findings of the jury but simply admits, for the purpose of the motion, the existence of those facts, while asserting that, based thereon, the verdict should have gone the other way; Transwestern Pipe Line Company v. Yandell, 69 N.M. 448, 367 P.2d 938; and that for the court to grant a motion for judgment notwithstanding the verdict it should be able to say that there is neither evidence nor inference from which the jury could have arrived at its verdict. Michelson v. House, supra; Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047.

■■■ A motion for judgment notwithstanding the verdict, like a motion for a directed verdict, does not raise questions relating to the competency or admissibility of evidence. Therefore, in considering a motion for judgment notwithstanding the verdict, the evidence must be taken as it existed at the close of the trial, and evi-

dence admitted over objection cannot be excluded nor can evidence be included which was improperly rejected. Whether competent or incompetent, all evidence submitted to the jury must be considered by the court in ruling on a motion for judgment notwithstanding the verdict, and such a judgment cannot be entered on a diminished record after the elimination of incompetent evidence. The proper remedy for disposing of evidence erroneously admitted during the course of the trial is a new trial where motion therefor has been made. Kenny v. Metropolitan Life Ins. Co., 82 Ohio App. 51, 80 N.E.2d 677; Gawf v. Gawf, 206 Okl. 73, 240 P.2d 1095; Grand Distributing Co. v. Adams, 206 Okl. 451, 244 P.2d 571; Rosche v. McCoy, 397 Pa. 615, 156 A.2d 307, 81 A.L.R.2d 377; Rodgers v. Sun Oil Company, 189 Pa.Super. 559, 151 A.2d 673; Finkelston v. Kapnek, 184 Pa.Super. 174, 133 A.2d 310; Midland Credit Co. v. White, 175 Pa.Super. 314, 104 A.2d 350; School District of Donegal Township v. Crosby, 171 Pa.Super. 372, 90 A.2d 341; Gaspero v. Gentile, 160 Pa.Super. 276, 50 A.2d 754; Wooten v. Life Insurance Company of Georgia, 93 Ga.App. 665, 92 S.E.2d 567; Smith v. Leber, 34 Wash.2d 611, 209 P.2d 297; 49 C.J.S. Judgments § 60b (4), at p. 171.

In view of what has been said, we conclude that there was no proper basis here for the granting of judgment notwithstanding the verdict. If, after the return of the verdict, the court had been of the opinion that it was based upon incompetent testimony erroneously admitted during the course of the trial, the court had no alternative but to grant a new trial rather than the motion for judgment notwithstanding the verdict.

It is to be noted that the appellees would have us affirm the judgment below, if for no other reason, on the ground there was no privity of contract between the parties, and this question was argued at some length both in the briefs and at the oral hearing. Lack of privity was asserted in their motions for directed verdict and for judgment notwithstanding the verdict, and they duly objected to the court's specific instructions thereon to the jury. Nevertheless, while preserving their record below, the appellees failed to cross-appeal from the court's rulings against them on the matter of privity, absent which it is not properly before us for review.

It is also to be noted, on the other hand, that the appellants would have this court pass upon the competency of their expert witness to testify and the admissibility of his testimony and determine that the court did not abuse its discretion in admitting that testimony during the course of the trial. While an appeal from the granting of a new trial on the ground of erroneously admitted testimony may have brought the competency of that testimony

squarely before us for review, that is not the situation here. This appeal arises from the court's action in striking testimony after a verdict in appellants' favor and entering a judgment notwithstanding the verdict for appellees, and we have determined that this cannot be done, whether the evidence is competent or incompetent.

The cause is remanded to the trial court with instructions to set aside the judgment notwithstanding the verdict and for further proceedings not inconsistent herewith.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.