512 P.2d 80

**LEONARD MOTOR COMPANY, INC.,**
Plaintiff-Appellee,

v.

**The ROBERTS CORPORATION,**
Defendant-Appellant.

**No. 9582.**

Supreme Court of New Mexico.

July 13, 1973.

James R. Toulouse & Associates, Phil Krehbiel, Albuquerque, for defendant-appellant.

Kool, Kool, Bloomfield, Eaves & Mayfield, Roland B. Kool, Malcolm L. Shannon, Jr., Albuquerque, for plaintiff-appellee.

OPINION

MONTOYA, Justice.

Leonard Motor Company, Inc. (appellee) filed suit against The Roberts Corporation (appellant) for alleged breach of contract

when appellant returned to appellee a leased cement mixer containing hardened cement. Appellant counterclaimed, alleging that the mixer was inoperable and that, as a result, appellant's construction project was delayed, whereby appellant was damaged. A jury trial followed.

After the presentation of evidence appellee moved for a directed verdict, which the court denied. Subsequently, the jury returned a verdict in favor of appellant on its counterclaim in the amount of $5,000. Appellee moved for judgment notwithstanding the verdict, which motion the court granted, holding that there was no substantial evidence to support the $5,000 award. This appeal followed.

The substance of the evidence in the record is to the effect that a seven-yard capacity cement mixer was rented in Albuquerque from appellee on August 31, 1970, and driven to Santa Fe where the truck carrying the mixer broke down. On September 2d the cement truck had to be pushed up the hill to the jobsite near Tierra Amarilla. Later that same day, appellant's employees attempted to use the cement mixer. The mixer would not rotate so appellant's employees manually dumped the already hardening concrete onto the side of a road. This material was wasted.

On September 3d, only four and one-half yards of cement were placed in the mixer with the idea that a reduced weight would be easier to mix. The mixer once again failed to rotate and the cement hardened in the cement drum, despite the efforts of appellant's employees.

Joe Roberts, president of The Roberts Corporation, appellant herein, testified that appellant was delayed three days in finishing the project because of the failure of the mixer to perform properly. There were 20 men on the crew and they were then engaged in building storm drainage manholes on the side of the proposed roadway. Roberts further testified that the storm drainage manholes needed to be completed before work on the road could be finished, and that they could not go forward any further in their particular area until the manholes were finished.

Mr. Roberts also testified that the expense of the three lost days was about $1800 per day and that the value of the wasted cement was $220.

In setting aside the jury verdict on damages, the trial judge stated:

"* * *. I do think that the testimony concerning the amount of damages suffered by Roberts was not sufficient to sustain that verdict. It is a substantial amount, and he didn't introduce any supporting evidence to the effect that he did suffer that. I am going to grant the motion to set the verdict aside or grant a new trial, * * * I do think that the verdict of $5,000 is not supported by substantial evidence."

The question we must resolve is whether the trial court was correct in granting judgment notwithstanding the verdict in view of the reasons assigned by the trial court and the evidence appearing in the record.

In Townsend v. United States Rubber Company, 74 N.M. 206, 209, 392 P.2d 404, 406 (1964), in reviewing and applying the correct test in determining whether judgment notwithstanding the verdict is proper, we stated as follows:

"This court has held that in considering a motion for judgment notwithstanding the verdict, the favored party is entitled to have the testimony considered in a light most favorable to him and is entitled to every inference of fact fairly deducible from the evidence; Michelson v. House, 54 N.M. 197, 218 P.2d 861; Carpenter v. Yates, 58 N.M. 513, 273 P.2d 373; Rivera v. Ancient City Oil Corporation, 61 N.M. 473, 302 P.2d 953; Romero v. Turnell, 68 N.M. 362, 362 P.2d 515; Landers v. Atchison, Topeka & Santa Fe Railway Co., 68 N.M. 130, 359 P.2d 522; that the evidence favorable to the successful parties together with the inferences that may reasonably be drawn therefrom are to be accepted as true;

Michelson v. House, supra; Zanolini v. Ferguson-Steere Motor Co., 58 N.M. 96, 265 P.2d 983; Bradley v. Johnson, 60 N.M. 453, 292 P.2d 325; that a motion for judgment notwithstanding the verdict does not challenge the sufficiency of the evidence to support the findings of the jury but simply admits, for the purpose of the motion, the existence of those facts, while asserting that, based thereon, the verdict should have gone the other way; Transwestern Pipe Line Company v. Yandell, 69 N.M. 448, 367 P.2d 938; and that for the court to grant a motion for judgment notwithstanding the verdict it should be able to say that there is neither evidence nor inference from which the jury could have arrived at its verdict. Michelson v. House, supra; Chandler v. Battenfield, 55 N.M. 361, 233 P. 2d 1047."

In Chavira v. Carnahan, 77 N.M. 467, 469, 423 P.2d 988, 990 (1967), the court cited Townsend, supra, approvingly, and added:

"* * *. Even though evidence may be undisputed, a judgment notwithstanding verdict is improper if different inferences may reasonably be drawn therefrom. [Citation omitted.] It is for the jury under proper instructions to determine the weight and significance of each fact in evidence."

In Francis v. Johnson, 81 N.M. 648, 650, 471 P.2d 682, 684 (Ct.App.1970), the court compared a motion for directed verdict with a motion for judgment notwithstanding a verdict, stating:

"Upon motion for judgment notwithstanding the verdict, the court is governed by the same rules which apply to a motion for directed verdict. [Citation omitted.]"

Furthermore,

"In passing upon defendant's motion for a directed verdict the court must view plaintiff's evidence together with all reasonable inferences that could reasonably be drawn therefrom in a light most favorable to plaintiff disregarding all evidence to the contrary. [Citation omitted.]"

This court, in Simon v. Akin, 79 N.M. 689, 690, 448 P.2d 795, 796 (1968), added to the statements in Francis, supra, stating:

"'* * *. If reasonable minds may differ as to the conclusion to be reached under the evidence or the permissible inferences, the question is for the jury. * * *'"

■ Moreover, the testimony by Mr. Roberts is uncontradicted. In Medler v. Henry, 44 N.M. 275, 283–284, 101 P.2d 398, 403 (1940), we stated as follows with respect to uncontradicted testimony:

"From the New Mexico cases discussed, we believe the rule in this jurisdiction to be that the testimony of a witness, whether interested or disinterested, cannot arbitrarily be disregarded by the trier of the facts; but it cannot be said that the trier of facts has acted arbitrarily in disregarding such testimony, although not directly contradicted, whenever any of the following matters appear from the record:

"(a) That the witness is impeached by direct evidence of his lack of veracity or of his bad moral character, or by some other legal method of impeachment.

"(b) That the testimony is equivocal or contains inherent improbabilities.

"(c) That there are suspicious circumstances surrounding the transaction testified to.

"(d) That legitimate inferences may be drawn from the facts and circumstances of the case that contradict or cast reasonable doubt upon the truth or accuracy of the oral testimony."

Examining the record, and particularly the testimony of Mr. Roberts in the light of the above rule, we believe that no facts or circumstances appear in the record which impair the accuracy of such uncontradicted testimony. In fact, appellee made no attempt to cross-examine Mr. Roberts concerning his testimony on damages.

In view of the evidence presented, and the inferences properly deducible therefrom and applying the law as stated above, we hold that the trial court erred in setting aside the jury verdict as not being supported by substantial evidence.

Accordingly, the action of the trial court in granting judgment notwithstanding the verdict is reversed and the cause remanded to the trial court to vacate its judgment notwithstanding the verdict and reinstate its judgment in accordance with the jury verdict returned in this cause.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.