[Civ. No. 10558. Second Appellate District, Division Two.—December 13, 1935.]

ADVANCE AUTO BODY WORKS, INC., Respondent, v. ASBURY TRANSPORTATION CO., INC., Appellant.

Bart F. Wade for Appellant.

Courtney Lacey for Respondent.

WOOD, J.—Plaintiff, a corporation engaged in the business of building commercial trucks and auto bodies, and defendant corporation entered into a written contract under the terms of which plaintiff agreed to construct a horse-van body for defendant, the construction work to be done "on a time and material cost plus 10%" basis. When the work was finished, plaintiff rendered a bill for $2,008.41 covering the work, and defendant tendered payment of $1107.27 plus sales tax as payment in full. The difference in the two amounts was made up of general overhead charges. The trial court rendered judgment in favor of plaintiff for $1843.98 and defendant appeals, seeking a modification of the judgment which will exclude the overhead charges. It was stipulated by the parties during the trial that the actual cost of labor was $582.15 and the cost of material $429.49, or a total of $1,011.64 for labor and material. Appellant maintains that to this sum should be added the 10 per cent additional sum called for by the contract,

together with state and federal taxes, making a total of $1162.86. The sum of $494.55 overhead expense which the trial court included in the judgment was made up as follows: nonproductive labor, $151.65; shop supplies, $39.78; heat, light, power and water, $24.23; depreciation on machinery, $48.30; insurance, $28.36; rent, $130.61; taxes, $34.97; miscellaneous, $23.83; towel supply, $.27; depreciation, factory equipment, $12.55.

█ The sole question to be determined on this appeal is whether or not the trial court erred in including the charge for overhead expense, in view of the provision of the contract which provided for payment "on a time and material cost plus 10%" basis.

Appellant contends that the evidence does not support the findings, for the reason that it was stipulated by the parties, and the evidence clearly shows, that the total cost of time and material was $1,011.64, 10 per cent of which is $101.16, making a total of $1112.80 and that the sum of $494.55 allowed by the court for overhead expense, and the sum of $97.98 for selling expense, were erroneously included by the trial court under the heading of time and material. This contention must be upheld. The contract herein sued upon contained the words "Cost plus 10%", through which appears a line, and following these words the contract provides, "On a Time and Material Cost Plus 10%". By the change in phraseology, it is apparent that appellant attempted to more definitely restrict the charges for which it would be liable, and to avoid liability for any overhead charges. The overhead expense should not have been included in the computation of the charge to be made under the contract. To justify its inclusion it would be necessary to read into the contract terms which were obviously not intended to be included therein. In *Lytle, Campbell & Co.* v. *Somers, Fitler & Todd Co.*, 276 Pa. 409 [120 Atl. 409, 27 A. L. R. 41], a leading case on this subject, the court said: " . . . unless expressly written into the contract by defining exactly the overhead intended to be covered, the words 'time and material', and like expressions, will not include overhead charges, but refer solely to the wages and salaries of the men engaged in the particular work contracted for and the actual cost of the materials furnished. The words will not be extended beyond their exact meaning, and, indeed, they should be given

a restricted meaning. At least they should be considered in the sense in which they are popularly understood. One thus contracting engages to furnish and keep in good condition the tools and necessary equipment to do the work.''

The judgment is reversed, with instructions to the trial court to render a modified judgment for respondent in·the sum of $1162.86, appellant to recover its costs of appeal.

Crail, P. J., and McComb, J., *pro tem.*, concurred.

A petition for a rehearing·of this cause was denied by the District Court of Appeal on January 4, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 10, 1936.