**HOLTZMAN, Plaintiff-Appellee, v HOPWOOD REALTY, INC., et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3870.   Decided February 6, 1946.

Allen I. Pretzman, Columbus, for Plaintiff-Appellee.
Williams, Williams & Reynolds, Columbus, for Defendants-Appellants.

**OPINION**

By WISEMAN, J.

This is an appeal on law from a judgment of the Common Pleas Court of Franklin County. The defendant-appellant has filed twenty-five assignments of error. The Court does not believe it would serve any useful purpose to treat each assignment of error separately.

With respect to the first cause of action, the main contention of defendant-appellant is that the settlement and dismissal of two actions in the Court of Common Pleas, Franklin County, constitute res judicata. The record shows that in 1942 Ida Earnhart held a note against the appellee, Holtzman, which was secured by mortgage on certain real estate owned by Holtzman. After the note and mortgage were executed, Holtzman conveyed the property to the Suburban Home Mortgage Company. The note and mortgage became in default and Holtzman employed the appellant, Hopwood, as his attorney to negotiate for a settlement of said note and mortgage. The negotiations extended over a period of many months and during the negotiations Hopwood represented to Holtzman that in order to settle the note and mortgage liability. Holtzman would be required to deed certain lots to the Earnharts, a portion of which real estate was covered by the mortgage. The title at that time stood in the name of the Suburban Home Mortgage Company. Later, during the negotiations, Hopwood represented to Holtzman that in order to settle the note and mortgage liability Holtzman would be required not only to deed the above mentioned property to the Earnharts, but he would also be required to pay them $2,000.00 in cash. The record shows that thereupon the Suburban Home Mortgage Company, of which Holtzman was president, executed a deed to certain lots to Hopwood and later Holtzman paid to Hopwood $2000.00 in cash ·on the representation that the lots in turn would be conveyed to the Earnharts and the $2000.00 would be paid to them in settlement of the note and mortgage liability. The Earnhart note and mortgage was not settled by Hop-

wood, and Helen Harley, the daughter of Ida Earnhart to whom the note and mortgage had been assigned and transferred, instituted a foreclosure suit in the Common Pleas Court of Franklin County, being case numbered 164137. Holtzman commenced the present action against Hopwood for the recovery of the money in May, 1943. The Suburban Home Mortgage Company commenced an action against Hopwood to recover the lots (case numbered 167838) in October of 1944. The foreclosure action went to trial and during the trial of that case, a compromise and settlement was entered into whereby the lots in question were conveyed to a purchaser at a price sufficient to discharge the mortgage liens and pay the taxes. As a part of the settlement agreement between the parties, the action instituted by the Suburban Home Mortgage Company against Hopwood to recover the lots was likewise settled and dismissed. The foreclosure action, being case numbered 164137, was also settled and dismissed.

The defendant-appellant contends that the settlement and dismissal of the two actions referred to constitutes res judicata. We do not believe that the facts support this contention since these actions were not between the same parties and the same evidence would not sustain both. True, the matters were related, but they were different causes of action. Neither the settlement of the note and mortgage liability between the Earnharts and Holtzman nor the recovery of the lots by the Suburban Home Mortgage Company in settlement of Holtzman's indebtedness to the Earnharts constitutes a bar to the present action in which Holtzman seeks to recover $2,000.00 in cash which he paid to his attorney, Hopwood, for the purpose of effecting a settlement with the Earnharts, but which was never paid to the Earnharts, it being retained by Hopwood and converted to his own use. These facts do not operate as an estoppel, neither does the doctrine of res judicata apply. 30 Am. Jur. Page 918; 23 O. Jur. P 973; Norwood v McDonald, 142 Oh St 299.

The defendant-appellant also contends that the trial court erred in its finding of fact numbered eight, nine and ten on the first cause of action. This assignment of error raises the question as to whether the contention of Hopwood that after the negotiations for the settlement of the Earnhart note and mortgage were terminated, Holtzman thereupon agreed that Hopwood should retain the $2000.00 as attorney's fees. On this issue it was Holtzman's word

against that of Hopwood. The trial court found in favor of Holtzman. Furthermore, we are of the opinion that the judgment of the trial court is not against the manifest weight of the evidence, neither is it contrary to law. We find no error in the record relative to the admission or the exclusion of evidence on the first cause of action of which the defendant-appellant complains. We are of the opinion that the trial court did not commit error in overruling the motion for new trial and in rendering judgment for the plaintiff-appellee in the amount prayed for, to wit, $2000.00, with interest from March 24, 1942.

The defendant-appellant has filed twelve assignments of error relative to the third cause of action, the first being that the trial court erred in its findings of fact numbered seven. In this finding the trial court found that Hopwood was not entitled to receive any further credits over and above $1415.60 allowed by the Court out of the proceeds of the insurance company refund check. After reading the record, this Court is of the opinion that the trial court properly allowed credits in the amount of $1415.60, and the evidence does not support the contention of Hopwood that additional credits should be allowed.

Defendant-appellant also contends that the trial court erred in its conclusions of law numbered one, two, three, four, five, eight and nine; also that the judgment of the Court was against the manifest weight of the evidence and contrary to law. The record shows that in May, 1939, Holtzman decided to sell certain shares of stock which he held in the Columbus and Southern Ohio Electric Company. Holtzman contends that he employed Hopwood to sell the stock, and, at the suggestion of Hopwood, authorized him to invest $10,000.00 of the proceeds in a single premium life insurance policy. The stock was sold for approximately $11,000.00. Hopwood invested $8,000.00 in a single premium life insurance policy with the American United Life Insurance Company and retained the balance of the proceeds and converted the same to his own use. There is a dispute as to who were to be named as beneficiaries in said policy, the defendant-appellant contending that he, his wife and his children were to be named as beneficiaries, whereas the plaintiff-appellee contends that he gave the names of six of his cousins and two sisters to Hopwood on a slip of paper for the purpose of inserting these names in the beneficiary

clause. The policy as written named Hopwood, his wife
and children as beneficiaries. No right was reserved in the
policy to change the beneficiaries. The trial Court found,
and rightly so, that by reason of the letter of authority which
Holtzman gave to Hopwood instructing him to sell the stock
and invest $8,000.00, of the proceeds in a single premium
life insurance policy and further to retain the balance as at-
torney fees, Holtzman could not complain relative to Hop-
wood retaining the balance of the proceeds.

The record shows that Holtzman made repeated efforts
to gain possession of the insurance policy but Hopwood re-
fused to deliver the policy or even show the policy to Holtzman
unless Holtzman would execute an agreement to pay Hop-
wood a sum of money which was stated to be approximately
$2700.00. About nine months after the policy was issued,
at the insistence of Hopwood, Holtzman executed such an
agreement, whereupon the policy was turned over to Holtz-
man. He testified that he then first learned that the bene-
ficiaries in the policy were members of the Hopwood family
rather than members of his own family and that it was
an $8000.00 rather than a $10,000.00 policy. Within a short
time, Holtzman and Hopwood mutually agreed that the pol-
icy should be cancelled and in order to recover a substantial
part of the money which was paid in the purchase of the
policy they agreed on making a loan, which was consum-
mated. The loan amounted to $7,564.70. The policy was al-
lowed to lapse by mutual agreement. Furthermore, the rec-
ord shows that out of the proceeds the defendant-appellant
paid for the use and benefit of the plaintiff-appellee certain
of his obligations totalling $1,415.60, which the trial Court
allowed as proper credits against the proceeds of the refund
check. The trial Court found that there was due to Holtz-
man from Hopwood the sum of $6,149.10, which represents
the difference between the proceeds of the life insurance re-
fund check and the credits which were allowed by the Court.

The defendant-appellant in his answer and also during
the trial of the case contended that he retained the $6,149.10
as attorney's fees; however, the trial Court found that the
evidence did not support the contention of the defendant-
appellant that there were any attorney's fees due him which
would justify the retention of this sum of money in payment
thereof.

There is ample evidence in this case to support the contention of Holtzman that the proceeds of the insurance refund check were regarded both by Holtzman and Hopwood as money belonging to Holtzman. The fact that Hopwood paid a number of bills of Holtzman and applied the balance on account of attorney's fees is sufficient evidence to sustain the claim of Holtzman that both persons regarded the fund as belonging to Holtzman. The claim of Hopwood that the money belonged to him by reason of being named beneficiary in the insurance policy, a contention which was made for the first time in his brief in this Court, is disposed of by the factual situation in this case. The record does not support the defendant-appellant's contention and we approve of the finding of the trial Court, both with respect to its findings of fact and its conclusions of law.

During the trial of the case there was introduced into evidence a document which was offered as defendant's Exhibit "T," signed by Holtzman and dated September 30, 1940, in which Holtzman acknowledged an indebtedness to Hopwood "in a sum in excess of $2500, the exact _____ of which indebtedness not having been agreed upon between the undersigned and said Hopwood. . ." The defendant-appellant contends that this document constituted an account stated. The trial Court found that the document did not meet the legal requirements of an account stated. An account stated is an affirmative defense and must be pleaded, which was not done in this case. See Bates Pleadings, Practice and Forms, Sec. 773; **31 O. Jur. p 740, Sec. 175.** Furthermore, we are of the opinion that the document did not constitute an account stated. In Vol. 1, Am. Jur., page 272, is found this statement:

"An account stated properly exists only where accounts have been examined and the balance admitted as the true balance between the parties, without having been paid."

In Vol. 1, C. J. S., page 704, the general rule is stated as follows:

"Account stated must be understood as final adjustment of demands and amount due; and an account rendered for another purpose, or showing that it is not final, is not sufficient on which to predicate an account stated.

To constitute an account stated the transaction must be understood by the parties as a final adjustment of the representative demands between them and the amount due; and an account rendered for some other purpose will not be given the force and effect of an account that can be converted into an account stated. So a statement expressly providing that the balance shown therein does not indicate the amount to be paid or credited is not an account stated."

The record is silent as to a meeting of the minds of the parties involved before the execution of this document. Holtzman testified that Hopwood requested him to sign the document so that Hopwood could settle certain lawsuits in which Holtzman was involved. Clearly, this document was not intended by the parties to be a settlement of their accounts. This Court approves the judgment of the trial Court in finding that the document in question did not constitute an account stated.

This litigation arises between attorney and client, wherein the client has brought an action against his atftorney to recover money in the possession of the attorney for which he should account to his client. The relationship between attorney and client is of the highest fiduciary character. A relation of trust and confidence exists between the parties. Under the law the attorney is required to exercise a high degree of fidelity and good faith. 4 O. Jur. p. 447, Sec. 42; 5 Am. Jur., page 285; 7 C. J. S., page 964.

When an issue arises between attorney and client, such as has arisen in this case, the burden of proof rests upon the attorney to prove that he is entitled to retain his client's money or property. 5 Am. Jur., page 289; 7 C. J. S., page 966; McAdams v McAdams, 80 Oh St 232; Berkmeyer v Kellerman, 32 Oh St 239. See also Simmons v Becker, Admr., 30 Abs 622. In the instant case the burden of proof rested upon Hopwood to show that he had rendered legal services to Holtzman for which he had not been compensated, and that he was justified in retaining the moneys involved in the first and third causes of action and applying the same on his claim for attorney's fees. The record shows that both counsel and the Court interrogated Hopwood at length in an effort to ascertain whether or not there was due him any amount of money from Holtzman for legal services rendered. The record shows that Hopwood at no time kept any records in his office or elsewhere which he produced in court. In testifying he relied on his memory but was not

able to give the Court any facts from which the Court would have been justified in finding that there was anything due Hopwood. After reading the record, this Court is of the opinion that on the whole justice has been done between the parties. We find that the trial Court in rendering judgment for Holtzman on the third cause of action did not commit error, and that said judgment was not against the manifest weight of the evidence or contrary to law.

The judgment of the trial court is affirmed.

HORNBECK, PJ, and MILLER, J, concur.

## ON APPLICATION FOR REHEARING

Allen I. Pretzman, Columbus, for Plaintiff-Appellee.
Williams, Williams & Reynolds, and Harry L. Hopwood, Columbus, for Defendants-Appellants.

No. 3870. Decided March 12, 1946.

By THE COURT:
This matter is presented to the Court on an application for rehearing.

No new matters are presented to the Court for its consideration. Both matters presented on the application for rehearing have already been considered by the Court.

The application for rehearing will be denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.