tablish by inducement and innuendo the defamatory character of the words used. 25 Ohio Jurisprudence, 243, 244, Sections 106, 107; 33 American Jurisprudence, 219, Section 241; 53 Corpus Juris Secundum, 247 *et seq.* In 53 Corpus Juris Secundum, 43, it is stated:

"It has been held that words, in order to be defamatory per se, must be susceptible of but one meaning, and that an opprobrious one." (See numerous cases cited.)

Specifically, we hold that the simple statement that a person is disloyal in connection with his employment, without more, is not libelous per se. The case of *Ward* v. *League for Justice,* 57 Ohio Law Abs., 197, 93 N. E. (2d), 723 (motion to certify overruled), is easily distinguishable upon the facts.

In our opinion the trial court properly sustained the demurrer and dismissed the action.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.

DOUGHERTY, GDN., APPELLANT, *v.* IREDALE, APPELLEE.

(No. 7567—Decided April 14, 1952.)

*Messrs. Cowell & Flechter,* for appellant.
*Messrs. Becker, Loeb & Becker,* for appellee.

MATTHEWS, J. This is an appeal on questions of law and fact by the plaintiff from a judgment in her favor enforcing a trust in her favor and directing the defendant to convey the legal title to her upon the payment of $5,580, with interest.

The plaintiff is the guardian of Luella Gillham. In her petition, she alleges that her ward is about 85 years of age and was and had been for four or five years mentally incompetent; that while incompetent she entered into a purported contract with the defendant, whereby he agreed to build a house for her upon real estate owned by her; that she had paid on account the sum of $3,020; and that the defendant induced Luella Gillham to transfer to him the title to the premises upon which the house was being erected. The plaintiff prays that the conveyance be set aside and the defendant ordered to reconvey the premises and for general relief.

The defendant by answer admits the payment of $3,020 and that he took title to the premises, in trust, however, for Luella Gillham, and denies all other allegations. By cross-petition, the defendant alleges that he entered into a written contract with the plaintiff's ward on January 22, 1951, to build a house for her, that he proceeded to build the house, that it is completed and is worth $10,085.52, leaving a balance due of $7,065.52, upon the payment of which amount he would reconvey the real estate to Luella Gillham, or her estate.

By reply, the plaintiff alleges that Luella Gillham had paid $3,620 to defendant's agent on account of such building contract, admits that Luella Gillham had signed the purported contract as alleged in the cross-petition, and reaffirms that Luella Gillham did not have the capacity to make a contract at the time.

The evidence discloses that the contract to build and the agreement to hold in trust are in writing

and that these written instruments were prepared by defendant. They show upon their face that the draftsman lacked experience and skill in such matters, but they do not indicate any intent to bind Luella Gillham by an improvident contract. The writing setting forth the terms under which the real estate was transferred to the defendant is entirely clear. It was transferred to enable him to assist Luella Gillham in raising money with which to finance the construction of the house. The construction contract, on the other hand, is general in its terms, the kind of a writing two inexperienced persons might prepare. It is general in its terms as to kind of structure to be built and states no specific terms as to payment other than a cash payment of $3,000 and another payment of $2,000 when the house is under roof. The unspecified balance is payable upon completion of the building.

The contract, however, is specific in that it provides that "all work to be done on time and materials basis."

Evidence was introduced as to the meaning of the above quoted provision. We are of the opinion that the provision excludes the defendant from charging any overhead expense and from adding any percentage of profit as is customary in a cost-plus contract.

The defendant proceeded to erect the house upon Luella Gillham's land, and by the time this action was filed had substantially completed its construction, although there is evidence of some defects and lack of sound judgment in planning and choice of materials.

In the plaintiff's brief it is said the "plaintiff does not want to and does not in any way expect to be enriched by holding the contract to be void and the deed void but would like to break even," which is in conformity to the maxim that he who seeks equity must do equity. In view of that statement it would seem that very little purpose would be served in weighing

the evidence as to the mental capacity of Luella Gillham at the time of these events. We do observe that her testimony seemed to indicate an awareness of the significance of what had happened and was happening. The evidence also showed that her relatives—those now denying her capacity—knew of these transactions and did nothing while this building was in process of construction.

We find that the defendant is entitled to be paid on a cost of labor and materials basis, and that upon payment of the balance upon that basis, the plaintiff is entitled to have the real estate transferred to Luella Gillham.

While Luella Gillham alleged in her petition that she had only paid $3,020, she corrected that statement in her reply and also testified that she had paid $3,620 to the defendant's agent. This agent did not testify, and we find that Luella Gillham should be given credit for $3,620, paid on account of construction of this building.

The defendant introduced evidence of the cost of the labor and materials. We find the evidence shows that cost is $7,282.04, from which a credit of $3,620 should be deducted, leaving a balance of $3,662.04.

Judgment against Luella Gillham may be entered for $3,662.04, with interest from the date of the entering of the judgment, and a decree against the defendant directing him to retransfer the real estate to Luella Gillham upon the satisfaction of such judgment.

It is found also that the costs of this action should be taxed one-half against the plaintiff and one-half against the defendant.

*Judgment accordingly.*

HILDEBRANT, P. J., MATTHEWS and ROSS, JJ., concur.