PETERSEN PAINTING AND HOME IMPROVEMENT, INC., Appellant,

v.

ZNIDARSIC, Appellee.

[Cite as *Petersen Painting & Home Improvement, Inc. v. Znidarsic* (1991), 75 Ohio App.3d 265.]

Court of Appeals of Ohio,
Geauga County.

No. 89–G–1538.

Decided July 29, 1991.

*Paul A. Newman,* for appellant.
*Jay Hollingsworth,* for appellee.

---

JOSEPH E. MAHONEY, Judge.

Appellant, Petersen Painting and Home Improvement, Inc., and appellee, Joseph R. Znidarsic, entered into an oral contract to renovate appellee's home. The contract terms were cost plus ten percent. Appellee is an attorney whose firm from time to time represented appellant's corporation and its president, E. Gordon Petersen.

After appellee had paid appellant $340,015, a dispute arose over the balance due. The parties' testimony differed on whether the appellee had disputed the flat rate of $17.50 per hour prior to the completion of the project. The president of appellant's corporation testified that appellee had never questioned the flat rate while appellee testified that he had immediately questioned the flat rate and was assured that the rate included costs. As a result, appellant filed a complaint.

Appellee's audit disclosed a difference of 282.5 labor hours between the hours billed and the actual time records of the employees and overbilling of materials. In addition, questions concerning overhead charges arose. After hearing the evidence presented at trial, the trial court found for appellee, determining that appellant had been paid in full. Appellant then requested findings of fact and conclusions of law. It is from this judgment entry and

the findings of fact and conclusions of law that appellant appeals, raising the following assignments of error:

"1. The trial court erred to the detriment of the appellant, Petersen Painting and Home Improvement, Inc., by determining as a matter of law that a contract calling for cost plus ten per cent included only actual costs plus a ten per cent charge for overhead and profit.

"2. The trial court erred and abused its discretion, to the prejudice of appellant, Petersen Painting and Home Improvement, Inc., by failing to find that the existence of the attorney client relationship required the defendant to prove the fairness of his dealing.

"3. The trial court's conclusion of law that the defendant was billed for labor hours not furnished is against the manifest weight of the evidence."

Appellant maintained in its first assignment that the trial court erred by determining as a matter of law that a contract calling for cost plus ten percent included only actual costs plus ten percent for overhead and profit. Specifically, the court determined in its conclusions of law:

"1. The oral agreement between Plaintiff and Defendant was cost plus 10% (for overhead and profit) based upon the total cost of labor, material and subcontracts let.

"2. Such a contract requires billing by Plaintiff to Defendant of its actual costs, i.e. the actual amount paid by Plaintiff for all materials purchased, all labor employed and all subcontracts entered into for this project, and in addition thereto, a ten percent (10%) charge for profit and overhead calculated upon the total actual costs of material, labor and subcontracts let."

It is uncontroverted that the agreement between the parties was a cost-plus contract.

In *Charles A. Burton, Inc. v. Durkee* (1952), 158 Ohio St. 313, 326, 49 O.O. 174, 180, 109 N.E.2d 265, 271, the court listed several items included in the cost-plus contract: "the cost of all the materials, labor, permits, taxes and insurance and all other costs and expenses incurred directly in the work plus a fixed fee." In coming to this conclusion, the court ruled that, under a cost-plus fee contract, the builder need not establish that the cost of his labor and material was reasonable. *Id.* at 325, 49 O.O. at 179, 109 N.E.2d at 271.

Further definition of a cost-plus contract is found in *Dougherty v. Iredale* (1952), 91 Ohio App. 485, 49 O.O. 94, 108 N.E.2d 754. In distinguishing a time and material contract from a cost-plus contract, the court stated that the time-and-material "provision excludes the defendant from charging any overhead expense and from adding any percentage of profit as is customary in a cost-plus contract." *Id.* at 487, 49 O.O. at 95, 108 N.E.2d at 755.

In 13 American Jurisprudence 2d (1964) 22–23, Building and Construction Contracts, Section 20, cost-plus contracts are explained as follows:

"Under a 'cost plus' contract the contractor is entitled to recover his costs plus the agreed percentage. A question arises under these contracts as to what is included in the costs. It has been held that the contractor is not entitled, in addition to the percentage called for in the contract, to charge for his general or overhead expenses, such as salaries, telephone service, and office supplies, for his own time in superintending the work, for carfare for laborers, for the cost of extra work not called for by the original contract and commissions thereon, or for the cost of doing over the work which was not properly done. On the other hand, he is entitled to charge for materials and supplies furnished, for the wages of workmen, for the salaries of superintendents, and for accident and indemnity insurance. * * * "

Other jurisdictions have addressed cost-plus contracts and are instructive on this issue.

In *Advance Auto Body v. Asbury Transp. Co.* (1935), 10 Cal.App.2d 619, 52 P.2d 958, the California court distinguishes between a "cost plus 10%" contract and a contract for "time and material cost plus 10%." Specifically, in *Advance Auto Body,* a line had been drawn through the words "cost plus 10%" and that phrase was replaced with the words "on a time and materials cost plus 10%."

"By the change in phraseology, it is apparent that appellant attempted to more definitely restrict the charges for which it would be liable, and to avoid liability for any overhead charges." *Id.*, 10 Cal.App.2d at 620, 52 P.2d at 958. See, also, *Lenslite Co. v. Zocher* (1964), 95 Ariz. 208, 388 P.2d 421.

■ In applying the above to the present case, it becomes clear that the trial court erred in making its conclusion of law that in a contract for cost plus ten percent, a ten percent charge was for profit and overhead. Overhead is included in costs rather than in the ten percent. Since it is undisputed that this is a cost-plus contract, the first assignment of error has merit.

We note that the main controversy at trial centered on labor hours and the labor hourly rate. Appellant charged a flat hourly rate of $17.50. However, appellant's accountant, who testified as an expert, stated that the average cost of labor was $8.08 per hour and the average support costs (labor overhead) were $6.68 per hour for a total cost of $14.76 per hour. Appellee conceded an additional $1.40 per hour as payroll tax cost. Thus, the total for labor and labor overhead amounts to $16.16 per hour. The trial court's findings are, therefore, modified to reflect that labor charges are to be

included in the costs; and the total cost, which includes the cost of labor and payroll tax, totals $16.16 per hour.

The second assignment alleges the trial court erred and abused its discretion, prejudicing appellant by failing to find that the existence of an attorney-client relationship required appellee to prove the fairness of his dealings.

In making this assertion, appellant relies on *Holtzman v. Hopwood Realty* (1946), 77 Ohio App. 515, 33 O.O. 348, 65 N.E.2d 409, to support its claim that the burden of proof is shifted to the attorney to show that the transaction is fair and that no unjust advantage has been taken by him. What the appellant fails to recognize in *Holtzman,* at 523–524, 33 O.O. at 352, 65 N.E.2d at 413, is that the shifting of the burden of proof occurs only when the transaction arose out of the attorney-client relationship.

■ There is no doubt that an attorney-client relationship imposes a fiduciary duty upon the attorney and that the attorney must conduct business in good faith.

■ Under the present circumstances, there is no evidence indicating that appellee violated his duty. The renovation of the house is outside the attorney-client relationship. Appellant admits the contract charges were computed on the same basis as all his other contracts. In other words, appellee did not receive any "imposed sweetheart deal" because of the attorney-client relationship. Appellee has been charged the same as anyone else.

Therefore, it is illogical for appellant to argue that appellee-attorney did not act in good faith or breached his fiduciary duty. Although appellee was appellant's attorney, this contract was outside their attorney-client relationship; therefore, appellee did not have to prove the fairness of his dealings. Nevertheless, the evidence in the record supports the fairness of the dealings; the contract had appellant's usual terms.

Accordingly, appellant's second assignment of error is without merit.

In appellant's third and final assignment, he asserts that the trial court's conclusion of law that the defendant was billed for labor hours not furnished is against the manifest weight of the evidence.

"The law in Ohio is clear that an appellate court will not disturb the findings of the trier of fact unless they are against the manifest weight of the evidence. *Landis v. Kelly* (1875), 27 Ohio St. 567; *State, ex rel. Shady Acres Nursing Home, Inc., v. Rhodes* (1983), 7 Ohio St.3d 7 [7 OBR 318, 455 N.E.2d 489]. Moreover, if the judgment of the trial court is supported by some competent, credible evidence, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley*

*Construction Co.* (1978), 54 Ohio St.2d 279 [8 O.O.3d 261, 376 N.E.2d 578]; *State, ex rel. Shady Acres Nursing Home, Inc., supra." Kinney v. Mathias* (1984), 10 Ohio St.3d 72, 73–74, 10 OBR 361, 362, 461 N.E.2d 901, 903.

■ After hearing the case, the trial court determined in its conclusions of law that "by a preponderance of the evidence, it is clear that Plaintiff billed * * * for labor hours not furnished * * *." This conclusion is supported by competent evidence. Appellee testified that he compared the individual time slips and sheets prepared by the laborers on the job and payroll records produced by appellant with the hours he was billed for on the invoices. The comparison showed many instances where appellee was billed for more hours than the laborers actually worked.

Since the trial court's conclusion was supported by some competent, credible evidence, this reviewing court will not reverse based on manifest weight of the evidence. Therefore, appellant's final assignment of error is not well taken.

Based on the foregoing, the judgment of the trial court is modified as stated under the first assignment of error and affirmed as modified.

*Judgment affirmed*
*as modified.*

CHRISTLEY, P.J., and FORD, J., concur.