OPINION
Plaintiff-appellant Dennis Pfizenmayer appeals from the summary judgment rendered in favor of the defendant-appellee Leela Nair in the amount of $20,000 plus interest on her counterclaim for fraud by plaintiff. For the reasons hereinafter stated, we modify the judgment and affirm.
Leela Nair was divorced in 1982. In November 1985. Mrs. Nair hired plaintiff to recover past due payments from her ex-husband under the divorce decree. Nair signed a contingent fee agreement entitling plaintiff to 33 1/3% of all money and property collected by settlement or otherwise.
Thereafter, plaintiff succeeded in getting the ex-husband held in contempt for failure to make support payments. This Court affirmed that decision on appeal. Nair v. Nair (Nov. 22, 1989), Cuyahoga App. No. 56057, unreported. Defendant's ex-husband moved to Pennsylvania around 1987. The ex-husband, around that time, paid $39,000 of which plaintiff received one-third pursuant to the fee arrangement.
In January 1991, plaintiff hired a law firm located in Erie, Pennsylvania at an hourly rate to seek further recovery against the ex-husband. After hiring the law firm, plaintiff took inactive status at the bar and stopped rendering legal services to defendant. He claimed he told her about the inactive status, but defendant said she did not understand the effect of it.
On July 31, 1991, the Pennsylvania firm reached a settlement with the ex-husband for $407,000, $100,000 to be paid immediately and $307,000 to be a QDRO transferred from the ex-husband's qualified profit sharing account. On August 25, 1992, $20,000 was paid to plaintiff by the defendant noting it was one-fifth legal fees. When repeated attempts by plaintiff to collect the balance of the contingency fee were unsuccessful, plaintiff instituted the present litigation.
On October 3, 1995, plaintiff filed suit against defendant seeking damages in the amount of $175,229.56 pursuant to the one-third contingent fee contract. During discovery it was revealed that, as of January 8, 1991, plaintiff had gone on inactive status as an attorney although when he collected the $20,000 from Leela, he failed to disclose that fact. Whether he disclosed it or whether defendant fully understood its ramifications was disputed by the parties.
Upon finally learning of the plaintiff's inactive status, defendant filed a motion for leave to file instanter an amended answer and counterclaim asserting claims for fraud and fraudulent non-disclosure against plaintiff. The trial court denied her motion for leave to amend but granted her motion for summary judgment on the complaint.
Plaintiff appealed the summary judgment against him to this Court and defendant-cross-appealed the denial of her motion for leave to assert a counterclaim. This Court, in a unanimous opinion, affirmed the grant of summary judgment specifically noting that the $13,000 which plaintiff previously received from defendant had "fully compensated [him] for the services rendered" to her. Pfizenmayer v. Nair (June 5, 1997), Cuyahoga App. No. 71213, unreported at 10. (Pfizenmayer I). With respect to the cross-appeal on the denial of defendant's motion for leave to file a counterclaim, this Court reversed and remanded for proceedings on the counterclaim without expressing any opinion on the merits of that subject.
Upon remand, after the parties had completed discovery, defendant filed for summary judgment on her counterclaim. On April 23, 1998, the trial court granted the motion and entered summary judgment in favor of defendant against plaintiff in the amount of $20,000 plus interest from August 25, 1992. Plaintiff has now taken the timely appeal before us asserting a sole assignment of error as follows:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59.
The essence of defendant's counterclaim is that plaintiff never told her that he was on inactive status as an attorney when she paid him the $20,000 and that this constituted a fraud entitling her to the return of the money. In her motion for summary judgment, defendant argued that this Court in Pfizenmayer I held as a matter of law that plaintiff had been fully compensated for his services by the $13,000 payment and was entitled to nothing further.
Plaintiff for his part contends there were genuine issues of disputed facts which precluded the trial court from rendering summary judgment for defendant on the counterclaim, principally whether there was any fraud because defendant knew that plaintiff was on inactive status when she paid the $20,000. We find that the issues on this appeal are governed by the law of the case inPfizenmayer I and that it is immaterial whether or not plaintiff disclosed or should have disclosed his inactive status to defendant for purposes of resolving these issues.
In the first place, we note that plaintiff had a continuing fiduciary duty toward the defendant and that involved not taking fees from her during the period he was on inactive status. As provided in Gov.Bar R. VI(2), an inactive attorney shall not be entitled to practice law in Ohio until such time as he requests and is granted reinstatement to active status. In re Kushner
(1993) 66 Ohio St.3d 1427.
In Holtzman v. Hopwood Realty, Inc. (1946), 77 Ohio App. 515, the defendant lawyer, as did Pfizenmayer in the instant case, took a fee to which he was not entitled. In applying the requisite fiduciary principles, the court stated as follows:
 This litigation arises between attorney and client, wherein [the] client has brought an action against his attorney to recover money in the possession for which he should account to his client. The relationship between attorney and client is of the highest fiduciary character. A relation of trust and confidence exists between the parties. Under the law the attorney is required to exercise a high degree of fidelity and good faith.
 When an issue arises between attorney and client, such as has arisen in this case, the burden of proof rests upon the attorney to prove that he is entitled to retain his client's money or property. In the instant case, the burden of proof rested upon Hopwood [the attorney] to show that he had rendered legal services to Holtzman [the client] for which he had not been compensated, and that he was justified in retaining the moneys involved in the first and third causes of action and applying the same on this claim for attorney's fees.
Id. at 523-24.
Because the attorney in Holtzman had failed to meet his burden of proving that he was entitled to the fee, the court affirmed a judgment in favor of the client. In the instant case, we hold that because of this Court's previous determination inPfizenmayer I, plaintiff could not, as a matter of law, prove that he was entitled to the $20,000 in fees which he took from defendant.
When this Court decided Pfizenmayer I, it affirmed a grant of summary judgment in favor of defendant on plaintiff's complaint for additional attorney fees. Based on the record of undisputed facts before it, this Court ruled:
 The evidence reveals that Pfizenmayer was compensated for the work he performed on the case prior to the involvement of the [Pennsylvania] law firm. * * * Having concluded that Pfizenmayer had no right to recover one third of the settlement negotiated by the [Pennsylvania] law firm, and that he was fully compensated for the services rendered to Nair before the case was turned over to the law firm, we conclude the trial court did not err in granting Nair's motion for summary judgment.
Pfizenmayer I at 11.
Thus, based on the undisputed factual record before this Court in this very case, it determined that Leela's previous payment of $13,000 to plaintiff, "fully compensated" him for his services. The doctrine of the "law of the case" provides:
 Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.
Nolan v. Nolan (1984), 11 Ohio St.3d 1, at the syllabus.
In Nolan, the Ohio Supreme Court described the law of the case doctrine as follows:
 Briefly, the doctrine provides that the decision of the reviewing court in the case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * *
 * * * [T]he rule is necessary to insure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. * * *
 In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law.
Id. at 3.
In the instant case, the law of the case doctrine requires this Court to follow its previous determination that, based upon the undisputed facts of this case, plaintiff, by his receipt of $13,000 from defendant, was "fully compensated" for his services. Because the $13,000 which previously had been paid to plaintiff represented full compensation for the services he had provided up through the date on which the Pennsylvania law firm was retained to represent defendant, plaintiff, under this Court's ruling inPfizenmayer I, was not entitled to any more in the way of fees. It is not necessary to address the numerous arguments about fraud. We find under the law of the case that plaintiff had a fiduciary duty to disgorge to defendant the $20,000 in fees improperly retained, subject to our further discussion herein.
Although plaintiff contends he advanced $6,000 on defendant's behalf to the Pennsylvania law firm as payment for the retainer and as partial payment of the legal bills, we find the record does not support this amount. The Pennsylvania firm's billing records indicate that plaintiff paid a $250 retainer fee, and later a lump sum of $2,500 towards the defendant's legal expenses. Thereafter, the legal bills continued to accrue and were not paid until defendant issued the Pennsylvania firm a check in the exact amount remaining due when she received the settlement money. We therefore find that plaintiff is only entitled to offset the amount of $2,750 against the $20,000 in ill-gotten fees. We modify the judgment accordingly.
Plaintiff's sole assignment of error is overruled.
Judgment of $20,000 is reduced to $17,250 with interest accrued at 10% per annum from August 25, 1992. As modified, the judgment is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, P.J., and JAMES D. SWEENEY, J., CONCUR.