OPINION
{¶ 1} Plaintiff-appellant, John Burns dba John Burns Construction, appeals a Fayette County Common Pleas Court's decision involving the construction of a house and barn for defendants-appellees, Barbara Zuck-Spriggs and James Spriggs. We affirm in part, reverse in part, and remand the trial court's decision.
 {¶ 2} Appellees signed a written contract with appellant in early 1995 to build a house for $157,765. They also entered into an oral contract with appellant for the building of a horse barn. The oral contract provided that appellees would be charged cost plus ten percent for the horse barn.
 {¶ 3} Appellees have paid the contracted amount for the house, and $14,910 towards the cost of building the barn. Appellant filed suit, alleging that appellees owed him a balance of $44,442.47 for construction of the barn and an additional $9,803.12 for extra work completed on the house. Appellees filed a counterclaim alleging that appellant owed them $15,780 in damages for their extra expenses, both current and future, in repairing the house and barn due to the alleged unworkmanlike manner in which appellant completed the construction.
 {¶ 4} The trial court awarded appellant no money for the extra work he completed on the house and $18,935.05 for the cost of his materials in completing the barn.[1] Appellees were awarded $10,064.94 on their counterclaim. Appellant appeals the decision raising three assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The trial court erred to the prejudice of appellant by ordering that appellant could not recover the cost of `extras' supplied by him pursuant to the oral request of appellees."
 {¶ 7} Appellant asserts that he should be awarded the value for the upgrades and extra work that he completed for the house. Among the "extras" that were allegedly not included in the original price were an extended driveway, house wrap, black bathroom fixtures and additional mirrors.
 {¶ 8} A "Changes and Modifications" clause was included in the written contract between the parties. It pertinently states that "To be effective any changes or modifications to the Plans must be by written Change Order signed by both parties."
 {¶ 9} Appellant argues that the clause does not apply because the parties waived that provision by oral modification when they asked for the changes. The Ohio Supreme Court has said, "It is universally recognized that where a building or construction contract, public or private, stipulates that additional, altered, or extra work must be ordered in writing, the stipulation is valid and binding upon the parties, and no recovery can be had for such work without a written directive therefor in compliance with all terms of the contract, unless waived by the owner or employer." Foster Wheeler Enviresponse, Inc. v. Franklin Cty. ConventionFacilities Auth., 78 Ohio St.3d 353, 360, 1997-Ohio-202.
 {¶ 10} Proof of a waiver must either be in writing, or by such clear and convincing evidence as to leave no reasonable doubt. Frantz v.Van Gunten (1987), 36 Ohio App.3d 96, 99. Clear and convincing evidence is that evidence which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Crossv. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} Appellant has presented no clear and convincing evidence that the "extras" were not part of the contract. Appellant testified that there was no written waiver to the "Changes and Modifications" clause of the contract. Further, the evidence presented as to the "extras" was in conflict. Appellant testified that he completed the upgrades and extra work at the behest of appellees. Appellees testified to the contrary. "The trial judge, having heard the witnesses testify, [is] in a far better position to evaluate their testimony than a reviewing court." Id. at 478. Accordingly, appellant's first assignment of error is overruled.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "The judgment of the trial court in finding that appellant was entitled only to the cost of materials plus 10% in the construction of appellees' barn is against the manifest weight of the evidence and was, therefore prejudicial to appellant."
 {¶ 14} "Judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed as being against the manifest weight of the evidence." C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279, 280.
 {¶ 15} Here, appellant and appellees entered into an oral agreement for a "cost-plus" construction contract as to the barn. Both parties have testified that the contract was for cost plus ten percent. Appellant argues that the cost includes the cost of materials and labor. Appellees argue that the cost includes only the cost of materials.
 {¶ 16} A "cost-plus contract" is defined by Black's Law Dictionary as, "One which fixes the amount to be paid the contractor on a basis, generally, of the cost of the material and labor, plus an agreed percentage thereof as profits." Black's Law Dictionary 346 (6th ed. 1990), emphasis added; see, also, Petersen Painting and HomeImprovement, Inc. v. Znidarsic (1991), 75 Ohio App.3d 265, 267-269.
 {¶ 17} The trial court erred in determining that the cost included only the cost of materials and not the labor costs. Because the trial court based its decision upon the incorrect law, its finding is against the manifest weight of the evidence. Accordingly, appellant's second assignment of error is sustained and remanded to the trial court for it to determine appellant's cost of labor in completing the barn.
 {¶ 18} Assignment of Error No. 3:
 {¶ 19} "The judgment of the trial court in granting appellees damages on their counterclaim was against the manifest weight of the evidence and was, therefore, prejudicial to appellant."
 {¶ 20} As stated above, "Judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed as being against the manifest weight of the evidence." C.E.Morris Co., 54 Ohio St.2d at 280. However, the weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact. Stoll v. Parrott StrawserProperties, Inc., Warren App. Nos. CA2002-12-133, CA2002-12-137, 2003-Ohio-5717. The trier of fact's decision is entitled to deference as the trier of fact is "best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co.,Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 21} In the case sub judice, the trial court awarded appellees $7,046.94 for costs incurred in repairing the house and barn. It also found appellees had engaged in 400 hours of labor, with a reasonable value of $3,000. Appellant contends that some of the receipts in evidence as to appellees' costs included items other than those for the repair of the house and barn. He also argues that appellees did not "show" the value of their labor.
 {¶ 22} After thoroughly reviewing the record, we sustain appellant's assignment of error in part. Adding up the receipts provided by appellees indicates that appellees only had $5,021.33 in expenses.[2]
Four of the receipts included should not have been counted. One of the receipts had the amount of $7.48 for mini-blinds circled. However, appellant testified that the receipt was for lawn expenses and the other items listed on that receipt are for houseware items. Accordingly, that receipt should not be included in appellees' costs.
 {¶ 23} In another receipt, appellees submitted an estimate as well as the actual bill for $325 for costs incurred in repairing the barn. As such, the estimate should not be included in appellees' costs.
 {¶ 24} Finally, Barbara Zuck-Spriggs testified about two of the receipts stating that she did not believe one of the receipts for $79.33 should be included and the other for $1,129.73[3] was "irrelevant." Accordingly, those receipts should not be included in appellees' costs since there is no testimony substantiating the claims for those alleged costs.
 {¶ 25} Upon thoroughly reviewing the record, we find that the total amount of $7,046.94 found by the trial court as costs incurred by appellees is not supported by competent, credible evidence for the reasons given above. After totaling all of the valid receipts presented as to appellees' costs, we find that competent, credible evidence exists that appellees have sustained costs in the total of $5,021.33.
 {¶ 26} We further find that competent credible evidence exists supporting the trial court's finding that appellees spent 400 hours in labor repairing the barn and house. Moreover, the trial court awarding appellees $7.50 an hour for that labor, or $3,000, is not against the manifest weight of the evidence as there was testimony that professional workmen make $10 to $15 an hour.
 {¶ 27} Appellant's third assignment of error is sustained in part. We modify the trial court's award as to appellees' damages by reducing the amount to $5,021.23. We affirm the trial court's $3,000 finding as to appellees' labor costs. Accordingly, appellees' judgment on their counterclaim is reduced to $8,021.33.
 {¶ 28} Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
Valen, P.J., and Young, J., concur.
[1] The trial court did not award appellant labor cost for completing the barn.
[2] We note that Barbara Zuck-Spriggs testified that their total "out of pocket" costs for fixing the house was $2,156 and $2,890 for the barn. This totals to $5,046 in expenses.
[3] We note this amount is actually a total of four receipts stapled together and offered as one exhibit.