OPINION
{¶ 1} Defendants-appellants, Olinda and William Eno, appeal the decision of the Butler County Court of Common Pleas granting judgment in favor of plaintiffs-appellees, Karen and Steven Saylor, in a breach of contract action.
 {¶ 2} On July 13, 2003, appellants entered into a contract to purchase a home from appellees. The contract was contingent "upon [appellants] applying for and obtaining" financing in "an amount not to exceed 95% of the purchase price." The contract required that appellants "apply for financing within 5 days-comfort letter within 72 hours of acceptance * * * and [ ] make a diligent effort to obtain financing." Appellants were unable to obtain a comfort letter from the first lender they contacted, and by August 14, 2003 had not contacted other lenders or applied for financing. Appellees sold the home to a different buyer at a lower price some months later, and incurred various expenses related to the delayed sale.
 {¶ 3} Appellees filed the present action seeking damages related to the alleged breach of contract. After hearing evidence, the trial court found appellants had breached the contract by failing to make a diligent effort to obtain financing. The trial court awarded appellees damages totaling $13,821.75. Appellants appeal, raising three assignments of error.
 {¶ 4} Appellants' first and second assignments of error argue respectively that the trial court erred by finding the contract unambiguous with regard to appellants' obligation to obtain financing, and that the trial court erred by concluding that they had not made a diligent effort to meet this obligation. Reviewing the contract de novo, we conclude that it unambiguously required appellants to make a diligent effort to apply for 95 percent financing within five days. See Fultz Thatcher v. Burrows, Warren App. No. CA2005-11-126, 2006-Ohio-7041, ¶ 26. The contract terms are clear and unambiguous, and subject to only one interpretation. Id. Further, the record demonstrates that appellants failed to apply for financing as required by the contract. The first and second assignments of error are overruled.
 {¶ 5} Appellant's third assignment of error alleges that the trial court erred in its determination of appellees' damages. The trial court awarded appellees damages as follows: $800 for the difference between the contract price and the later selling price; $4,885.50 for the difference between the one and one half percent commission stipulated in the contract and the four percent sales commission ultimately paid; $5,743.25 for additional mortgage interest paid; $1,840.93 for additional property taxes paid; and, $552.07 for additional insurance paid.
 {¶ 6} The proper measure of damages for a buyer's breach of a contract for the sale of real property "is the difference between the original contract price and the fair market value of the property at the time of the breach." Peterman v. Dimoski, Hamilton App. No. C-020116, 2002-Ohio-7337, ¶ 4, quoting E.K. Investments v. Kleckner (Nov. 27, 1991), Hamilton App. Nos. C-900364, C-900427, and C-900461. The aggrieved seller may also recover special damages to the extent that the parties could have reasonably anticipated them. Id. (citations omitted). In particular, "the seller's liability for a broker's commission on the sale of a house is a proper item of damages." Id., citing Callahan v.Richardson (Apr. 4, 1979), Hamilton App. No. C-780119.
 {¶ 7} Upon review of the record, we conclude that the trial court's award of damages for the increased sales commission, and the difference between the original contract price and the fair market value of the property at the time of the breach is supported by competent, credible evidence. See Bums v. Spriggs, Fayette App. No. CA2002-09-020,2003-Ohio-7215, ¶ 20. We now turn to the issue of the additional expenses appellees alleged and were awarded.
 {¶ 8} Ohio courts agree that "a seller is not entitled to damages to compensate for additional property taxes, interest, utilities, and home maintenance expenses following a buyer's breach of a real estate contract." Hiatt v. Giles, Darke App. No. 1662, 2005-Ohio-6536, ¶ 41, citing Hussey v. Daum (May 3, 1996), Montgomery App. No. 15434;Kauderv. Thompson (May 9, 1986), Montgomery App. No. 9265. As explained in Kauder, the argument "that after the breach and an award of the difference in value [between the contract price and the eventual sale price], the vendor is as a matter of law also entitled to recover maintenance and other expenses for his own property until such time as he is able to dispose of the property is not supported by * * * any authority * * * [and] is not the law of this state. Such future expenses are incidental to resulting ownership and not caused by the breach of contract."
 {¶ 9} Simply stated, "the inconvenience and expense of managing or disposing of one's own property after a prepared sale is breached or otherwise terminated is not a proper element of special damages against the defaulting purchaser." Hiatt, quoting Hussey. See, also,Peterman v. Dimoski, Hamilton App. No. C-020116, 2002-Ohio-7337, ¶ 11 (the cost of utilities, real estate taxes, and homeowners' association dues for the period until the home was sold were generally incidental to continued ownership and management of the property, and not recoverable as a proper element of additional special damages); Combs v.Simkow, Butler App. No. CA82-12-0116 (interest and refinancing expenses following breach of contract were not foreseeable). Maintenance, utilities, and resale expenses are incidental to ownership. Roesch v.Bray (1988), 46 Ohio App.3d 49, 51. "Although [the breaching party] might have been able to foresee that certain expenses would be incurred in maintaining the property until future resale, the duration and extent of those expenses could only be speculated upon. Were we to hold otherwise, a breaching party could be subjected to liability for similar expenses for months or even years on end."
 {¶ 10} Consequently, we overrule appellant's third assignment of error in part, and sustain it in part, only to the extent that it pertains to the trial court's award of mortgage interest, real estate taxes, and insurance. This amounts to an $8,136.25 reduction in the award, decreasing the total judgment to $5,685.50. The judgment of the trial court is accordingly modified to reflect this amount.
 {¶ 11} Judgment affirmed as modified.
YOUNG and BRESSLER, JJ., concur.